IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MERYL SQUIRES CANNON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS WHITE, ERIC HILDEBRNDT, | ) | No. 15 CV 6876 |
| PATRICK DWYER, CHRISTOPHER | ) | |
| CARMICHAEL, HOLLAND & KNIGHT, LLP, | ) | The Hon. Virginia M. Kendall |
| THE FOREST PRESERVE DISTRICT OF | ) | |
| COOK COUNTY, ILLINOIS, OFFICER COOPER | ) | |
| and DOES Nos. 1-15. | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS OF DEFENDANTS
DWYER AND COOPER**

Plaintiff, Meryl Squires-Cannon, respectfully submits this response to the motion of Defendants, Dwyer and Cooper, to dismiss her Complaint.

The facts pertinent to the present motion are as follows: Meryl had a legal right to be on Horizon Farms to care for and feed the horses of the tenant, Royalty Farms, LLC, pursuant to a written lease to which the District had become the lessor when it acquired title to Horizon Farms after a foreclosure sale. (Complaint ¶¶ 15, 18). At 6:00 a.m. on August 13, 2014, Meryl went to Horizon Farms in the same manner as she had done on many past occasions with the District personnel's acknowledgment and ratification of her presence. (Complaint ¶¶ 19, 22). On that day, Defendants Cooper and Dwyer handcuffed her and placed her in the caged back seat of their police vehicle. (Complaint ¶¶ 23-26). Defendant Dwyer was instructed by Defendant White to not release her but instead to transport her to a police station and book her for criminal trespass. (Complaint ¶ 29). Defendants Cooper and Dwyer transported Meryl in handcuffs to the Barrington Hills police station, where she was handcuffed to the jail room wall, searched,

fingerprinted, photographed, and charged with criminal trespass. (Complaint ¶ 31). Meryl was found not guilty in a bench trial in the Circuit Court of Cook County. (Complaint ¶¶ 33, 35). She now seeks damages for her unlawful arrest and prosecution.

Defendants Dwyer and Cooper assert that they are immune from suit.[1] For the following reasons, the Defendants' motion to dismiss should be denied.

## ARGUMENT

### I.      The Doctrine of Sovereign Immunity Does Not Apply.

The Eleventh Amendment bars all suits against a state, a state agency, or a state official unless the state consents to suit in federal court or Congress uses its powers under the Fourteenth Amendment to abrogate the state's Eleventh Amendment immunity. *Kroll v. Bd. of Trustees of the Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991). The Eleventh Amendment bar does not extend to counties and municipalities. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

A county official may act as an arm of the state when performing certain functions. *Ruehman v. Sheahan*, 34 F.3d 525, 528 (7th Cir. 1994). When he does so, the Eleventh Amendment immunity applies. *Id.* In determining whether a county officer is an agent of the State of Illinois when performing particular functions, the Seventh Circuit has looked to the degree of control exercised by the State of Illinois over the conduct at issue and whether the Eleventh Amendment policy of avoiding interference with state (as opposed to county) policy is offended by the lawsuit. *See Ruehman*, 34 F.3d at 529; *Scott v. O'Grady*, 975 F.2d 366, 371 (7th Cir. 1992).

---

[1] Defendants Dwyer and Cooper have also adopted the arguments contained in the motions to dismiss filed by the other Defendants in this case. Those arguments have already been briefed. (See parts V and VI, *infra*.) So as not to burden the Court with repetition, the matters already briefed are incorporated by reference. Please see the facts and arguments discussed in Docket item nos. 18, 19, 26 and 27.

The facts alleged in the Complaint do not establish that Defendants Dwyer and Cooper, as officers of Cook County, were acting in any manner related to State employment or as agents of the State of Illinois when they arrested and prosecuted Meryl for criminal trespass. Defendants Dwyer and Cooper arrested and charged Meryl with criminal trespass at the direction of Defendant White, the chief attorney for the District. (Complaint ¶¶ 29-31). There are no allegations in the complaint that Meryl's arrest and prosecution for criminal trespass were exercised or controlled by the State of Illinois, a State agency, or a State official. *See Ruehman*, 34 F.3d at 529; *Scott v. O'Grady*, 975 F.2d 366, 371 (7th Cir. 1992).

Defendants Dwyer and Cooper rely on the May 5, 2014 Order issued by the Circuit Court of Cook County in the foreclosure suit, not attached to the Complaint, to argue that they were acting as an arm of the State of Illinois when they arrested and prosecuted Meryl for criminal trespass. (Defs. Mot. at 6). This is not proper. On a Rule 12(b)(6) motion, a "court's inquiry is generally limited to the factual allegations contained within the four corners of the complaint." *In re Nat'l Indus. Chem. Co. v. Steege*, No. 98 C 4081, 1998 WL 887065, at *2 (N.D.Ill. Dec.11, 1998) (citing *Hill v. Trustees of Ind. Univ.*, 537 F.2d 248, 251 (7th Cir. 1976)). Consideration of material extraneous to the four corners of the complaint would require the court to treat the motion to dismiss as a Rule 56 motion for summary judgment. Fed.R.Civ.P. 12(b). *Mannie v. Potter*, 326 F. Supp. 2d 880, 882 (N.D. Ill. 2004). Neither a Rule 12(b)(6) motion nor a Rule 56 motion is an appropriate procedure to determine contested questions of fact. Defendants Dwyer and Cooper base their motion entirely on facts not stated in the Complaint, even on factual claims contradicting the allegations of the Complaint. Thus, since Defendants have filed a motion under Rule 12(b)(6), the Court should only consider the allegations made within the four

corners of the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). The moving Defendants' efforts to contradict the Complaint should be ignored.

Even if this Court does consider the May 5, 2014 Order, Defendants misinterpret that order. The plain language of the May 5, 2014 Order establishes that Defendants did not act pursuant to the order when they seized Meryl. The May 5, 2014 Order states that if "possession is withheld, the Sheriff of Cook County is directed to *evict and dispossess*." (Dkt. 19, Ex. 1, Ex. J at ¶ 6). It does not direct Defendants or anyone to arrest and prosecute Meryl for criminal trespass. Moreover, paragraph 7 of the May 5, 2014 Order emphasized that non-parties to the foreclosure litigation case could not be evicted "without a Supplemental Order of Possession or an order from the Forcible Entry of Detainer Court," and Defendants did not obtain any such order. (Dkt. 19, Ex. 1, Ex. J at ¶ 7). Thus, no order called for the eviction of Royalty Farms, LLC, and as an employee of Royalty Farms, LLC, Meryl had a right under its lease to be lawfully present at Horizon Farms. (Complaint ¶ 18).

Additionally, the May 5, 2014 Order expressly excluded a provision that would have affected the rights of tenants and other occupants, such as Royalty Farms, LLC. Respecting paragraph 6 of the May 5, 2014 Order, the District requested an order that would authorize the Sheriff to evict the named defendants and also any "Unknown Owners and Non-Record Claimants." (Dkt. 19, Ex. 1, Ex. J at ¶ 6). The Circuit Judge did not grant that relief; he crossed out the words "Unknown Owners and Non-Record Claimants" when he entered the May 5, 2014 Order. (Dkt. 19, Ex. 1, Ex. J at ¶ 6).

The plain language of the May 5, 2014 Order establishes that Defendants Dwyer and Cooper were not carrying out that order when they arrested and prosecuted Meryl for criminal trespass and, therefore, they were not acting as agents of the State of Illinois.

Defendants' reliance on *Alencastro v. Sheahan*, 297 Ill.App.3d 478 (1st Dist. 1998), *Scott v. O'Grady*, 975 F.2d 366 (7th Cir. 1992), and *Whitney v. Cook County Sheriff's Dept.*, 1993 WL 389341 (N.D.Ill.), are misplaced. In *Alencastro*, the circuit court entered an order granting possession of the subject premises to a bank in a mortgage foreclosure action, specifically stating in the order that, "the Sheriff Cook County is *ordered to evict* the defendants … from the real estate … and to place [the bank] in possession of the said real estate and premises … *without further notice to any party*." 297 IllApp.3d at 480 (emphasis added). Plaintiff was the tenant of the premises owned by the named defendant in the foreclosure suit and was not a party to the foreclosure action. *Id.* Two deputies visited the premises and evicted the plaintiff pursuant to the order. *Id.* The *Alencastro* court held that the deputies, employed by Cook County, were acting as an arm of the State when executing the eviction order despite not having given the plaintiff notice. *Id.* at 482.

In *Scott v. O'Grady* the circuit court issued a "Writ of Assistance" similarly directing the Sheriff of Cook County to "cause *each and every person found in and upon* the said premises to be *removed therefrom*, together *with each and every item of personal property* belonging to said persons, and to *use any and all such force* as may be necessary to cause possession of the premises to be surrendered." 975 F.2d at 368 (emphasis added). The plaintiffs in *Scott* rented apartments in a building subject to a foreclosure action and judicial sale. They were not named in the circuit court's Writ of Assistance. *Id.* at 367, 369. The court held that the Cook County Sheriff and Deputy Sheriff, in forcibly evicting the plaintiffs and throwing their belongings on the street, acted as an arm of the Illinois state judicial system in executing the Writ of Assistance and, thus, they were deemed state officials for the purposes of Eleventh Amendment immunity. *Id.* at 371.

5

Likewise, in *Whitney*, the circuit court entered an order for possession in favor of a realty company, giving the plaintiff fourteen days to vacate the premises. 1993 WL 389341 at *1. The Sheriff's Department also issued a notice to the plaintiff, stating that the "judge has ordered the Sheriff's Department to evict [him]" if the plaintiff did not voluntarily leave the premises by a certain date. *Id.* When the plaintiff failed to abide by the circuit court's order, the Sheriff's Department executed the eviction while the plaintiff was out of town. *Id.* The court in *Whitney* held that the sheriff acted pursuant to a State court order by lawfully executing his statutory duties and, thus, was deemed an agent of the State of Illinois for purposes of Eleventh Amendment immunity. *Id.* at *3.

*Alencastro*, *Scott*, and *Whitney* are all distinguishable from the case at bar. In *Alencastro*, *Scott*, and *Whitney*, it is clear from the circuit court's orders that the county sheriffs and deputies acted pursuant to the orders. These officers had a duty to execute those orders under the Illinois statute requiring the Sheriff's Department to "serve and execute ... all orders ... that may legally be directed or delivered to them." 55 ILCS 5/3-6109. The county officials executing the eviction orders in *Alencastro*, *Scott*, and *Whitney* remained within the scope of the State court orders by *evicting* the said persons on the subject premises -- they did not arrest or prosecute for criminal trespass. (emphasis added).

Here, the May 5, 2014 Order directed the Sheriff to "evict and dispossess" the parties. It did not direct or authorize any officer to arrest or charge any person. Defendants Dwyer and Cooper, acting as Cook County officers, did not evict Meryl who was not in possession of the property in any event. Rather, they arrested and charged Meryl with criminal trespass. In doing so, Defendants Dwyer and Cooper were not acting pursuant to any State court order and, thus, they cannot be deemed to have acted as agents of the State of Illinois for purposes of Eleventh

6

Amendment immunity. Accordingly, this Court should deny Defendants' motion to dismiss based on Eleventh Amendment immunity.

## II. The Doctrine of Absolute Quasi-Judicial Immunity Does Not Apply.

Non-judicial officials whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct. *See Ashbrook v. Hoffman*, 617 F.2d 474, 476-77 (7th Cir. 1980) ("those performing ministerial acts under a judge's supervision and intimately related to judicial proceedings have quasi-judicial immunity"). Police officers, sheriffs, and other court officers who act in reliance on a facially valid court order may be entitled to quasi-judicial immunity from suit under § 1983 for damages. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986) citing *Tymiak v. Omodt*, 676 F.2d 306, 308 (8th Cir. 1982) (sheriff acting pursuant to a state court order immune from § 1983 suit for damages).

The Complaint does not allege that neither a judge nor a court order directed Defendants Dwyer and Cooper to arrest and charge Meryl with criminal trespass. Defendants Dwyer and Cooper argue that their actions were "an attempt to execute their duty to *evict*" Meryl pursuant to the May 5, 2014 Order. (Defs. Mot. at 9) (emphasis added). As stated in the previous section, the Court should not consider the May 5, 2014 Order on a Rule 12(b)(6) motion. (See discussion at pages 3-4, *supra*.)

Even if the Court considers the May 5, 2014 Order Defendants misinterpret it. The Order directed the Sheriff of Cook County "to *evict and dispossess*" not to arrest and prosecute for criminal trespass. (Dkt. 19, Ex. 1, Ex. J at ¶ 6). The plain language of the May 5, 2014 Order establishes that Defendants were not directed by a judge to arrest and prosecute Meryl for criminal trespass.

7

Defendants also argue that the Complaint "concedes that Defendants Dwyer and Cooper were acting pursuant to an order that mandated the eviction and dispossession" of Meryl. (Defs. Mot. at 8). This is not true. Paragraph 14 of the Complaint specifically states:

> "Pursuant to a judgment entered in the Circuit court of Cook County, Illinois, in a certain mortgage foreclosure litigation, the Forest District Preserve *acquired title* to Horizon Farms property on May 5, 2014. Defendants Holland & Knight LLP and Carmichael represented the Forest District Preserve in that litigation. Plaintiff was a party in that litigation, adverse to the Forest District Preserve; she vigorously defended the action, in order to protect her home and property. The judgment of the Circuit Court of Cook County is now the subject of a pending appeal in the Illinois Appellate Court."

(Complaint ¶ 14) (emphasis added). There are no allegations in paragraph 14, or anywhere in the Complaint, alleging that Defendants were acting pursuant to the May 5, 2014 Order when they arrested and prosecuted Meryl with criminal trespass. They were not. As an employee of Royalty Farms, LLC, Meryl had a right under that company's lease to be lawfully present at Horizon Farms. (Complaint ¶ 18). The May 5, 2014 Order emphasized that non-parties to the foreclosure case could not be evicted "without a Supplemental Order of Possession or an order from the Forcible Entry of Detainer Court," and Defendants did not obtain any such order. (Dkt. 19, Ex. 1, Ex. J at ¶ 7). If Defendants Dwyer and Cooper want to defend their actions on this basis, they should answer the Complaint and plead this as an affirmative defense. Nothing in the Complaint concedes their actions were pursuant to a court order. Their contention is false.

Defendants' reliance on *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986) is misplaced. In *Henry*, a judgment of foreclosure was entered against the plaintiffs in state court, and the subject property was sold to the bank at a foreclosure sale. *Id.* at 1230. Plaintiffs sued the sheriff and chief of police under § 1983 for wrongfully entering plaintiffs' home, seizing their non-exempt personal property and selling it at a public auction, pursuant to a state

court order directing the sheriff to enforce a judgment entered on a $60,000 promissory note. *Id.* at 1238-39. The court found that the sheriff and chief of police were acting in furtherance of their official duties in aid of the court when they performed the acts of which the plaintiffs complained and were entitled to quasi-judicial immunity. *Id.* at 1238. The court stated that rather than suing the officials responsible for executing the court order, plaintiffs should have appealed the validity of the court order directing the sheriff and chief of police to place the premises in the possession of the bank. *Id.* at 1239.

In the case at bar, Meryl did appeal the circuit court's order. (Complaint ¶ 14). Here, Meryl is seeking relief for her unlawful arrest and prosecution for criminal trespass, which was pursuant to no state court order. (Complaint ¶¶ 18, 23-31). Unlike the sheriff and chief of police in *Henry* who were directed by a court order to enforce a judgment by seizing plaintiffs' personal property, Defendants Dwyer and Cooper in no way were directed to seize Meryl, nor to charge her falsely with criminal trespass. Meryl was lawfully present on Horizon Farms the morning of August 13, 2014 as an employee of Royalty Farms, LLC. (Complaint ¶ 18). In order to evict Royalty Farms, LLC, the May 5, 2014 Order specifically required "a Supplemental Order of Possession or an order from the Forcible Entry of Detainer Court," which Defendants did not obtain. (Dkt. 19, Ex. 1, Ex. J at ¶ 7).

Nothing in the Complaint supports the dubious contention that the Defendants were acting under the May 5, 2014 Order. The Complaint does not even allege that these Defendants knew of the order. Thus, Defendants Dwyer and Cooper were not acting in reliance on a facially valid court order entitling them to quasi-judicial immunity. Accordingly, this Court should deny Defendants' motion to dismiss based on quasi-judicial immunity.

9

**III.    The Complaint Sufficiently Alleges Facts Necessary to State a Civil Conspiracy Claim.**

The Complaint alleges facts sufficient to show that the District Defendants, including Defendants Dwyer and Cooper, and the H&K Defendants conspired to arrest and prosecute Meryl. Specifically, the Complaint alleges that the District Defendants and the H&K Defendants communicated and conspired by making a plan and agreeing that the District, through its own police force, would apprehend Meryl on Horizon Farms, arrest her, charge her with criminal trespass and prosecute her. (Complaint ¶ 42). The Complaint further alleges that the H&K Defendants committed an overt act in furtherance of their conspiracy by advising the District to treat Meryl as a trespasser and arrest her. (Complaint ¶ 43). The District Defendants committed overt acts, through the instructions of Defendant White, the officers' arrest of Meryl, the filing of the criminal trespass charge, and the failed prosecution. (Complaint ¶ 43).

Civil conspiracy consists of combination of two or more persons for purpose of accomplishing by some concerted action, either for an unlawful purpose or for a lawful purpose by unlawful means. *Adcock v. Brakegate, Ltd.,* 164 Ill. 2d 54, 62 (1st Dist. 1994). Defendants Dwyer and Cooper argue that the existence of probable cause defeats Meryl's civil conspiracy claim, asserting that her arrest and prosecution were lawful acts committed in a lawful manner. (Defs. Mot. at 11). This argument is of no avail under Rule 12(b)(6), because it contradicts the facts pled in the Complaint: Meryl's arrest and prosecution for criminal trespass were conducted *without* probable cause. An arrest and prosecution without probable cause is unlawful. (See discussion at pages 5-6 in Dkt. 27).

Accordingly, this Court should deny the Defendants' motion to dismiss Count II, civil conspiracy.

**IV.    The Doctrine of Qualified Immunity Does Not Apply.**

When a public official raises a defense of qualified immunity, the plaintiff is to show (1) that she has asserted a violation of a constitutional right, and (2) that the applicable constitutional standards were clearly established at the time in question. *Levenstein v. Salafsky*, 164 F.3d 345, 350 (7th Cir. 1998). The facts alleged in the Complaint show both. There was a violation of Meryl's Constitutional right to personal liberty and free movement when Defendants Dwyer and Cooper falsely arrested her. (Complaint ¶¶ 23-32) *See, Fort v. Smith,* 85 Ill.App.3d 479, 481 (5th Dist. 1980) ("false arrest is the unlawful and involuntary restraint of an individual's personal liberty or freedom of movement."). This right was not the subject of any Constitutional doubt or controversy. Thus, there were clearly established legal standards that made Defendants' conduct objectively unreasonable. *See, Levenstein v. Salafsky,* 164 F.3d 345, 350–51 (7th Cir.1998) ("Qualified immunity depends on the *objective legal reasonableness* of the defendants' actions, not on their subjective motivations.") (emphasis added). It has been settled law for some time that the arrest and prosecution of an individual without probable cause or reasonable grounds is a violation of that individual's Constitutional rights. (See discussion at pages 5-6 in Dkt. 27).

Specifically, the Complaint alleges that the District and its officers, including Defendants Dwyer and Cooper, knew of Meryl's routine presence on Horizon Farms for months before Meryl's arrest; the District and its officers had communicated to her that she was permitted on Horizon Farms; and the District's officers regularly checked in with their superiors to confirm Meryl was permitted to be on the property. (Complaint ¶ 19). The Court can reasonably infer from the facts alleged that Defendants were objectively unreasonable in arresting and prosecuting Meryl with criminal trespass.

11

Defendants' argument for qualified immunity depends on the untenable proposition that Meryl's right to personal liberty and freedom of movement was not clearly established in the law. The motion should be denied.

## V.    The Complaint Sufficiently Alleges a Constitutional Violation by the Defendants.

This argument has already been fully briefed. Defendants Dwyer and Cooper adopt the District's motion to dismiss (Dkt. 19 at 5). In response, Meryl adopts her response to the District's motion to dismiss, (Dkt. 27 at 2-3), as if set forth here in full.

## VI.   The Complaint Sufficiently Alleges Defendants' Lack of Probable Cause for the Arrest and Prosecution for Criminal Trespass.

This issue has already been briefed. Defendants Dwyer and Cooper adopt the arguments set forth in the motions to dismiss and replies of the District (Dkts. 19, 30) and the H&K Defendants (Dkts. 18, 29) regarding the existence of probable. In response, Meryl adopts the reasoning set forth in her response to the District's motion (Dkt. 27 at 5-9) and the H&K Defendants' motion (Dkt. 26 at 2-6): The allegations of the Complaint show the Defendants lacked probable cause at the time of Meryl's arrest and prosecution for criminal trespass.

Defendants Dwyer and Cooper also point to the allegation that Defendant Dwyer checked in with Defendant White, chief attorney for the District, about what to do with Meryl after they arrested her. (Defs. Mot. at 10). These facts do not establish the existence of probable cause.

The District's personnel, including Defendants Dwyer and Cooper, knew of Meryl's presence on Horizon Farms for months. They acknowledged her presence, and they had communicated to her that she was permitted to be on Horizon Farms. (Complaint ¶ 19). The District's personnel and police officers regularly checked in with their superiors to confirm that Meryl was permitted to enter the property. (Complaint ¶ 19). Meryl arrived on Horizon Farms the morning of the arrest in the same manner as she had done on many past occasions.

(Complaint ¶ 22). There is no allegation in the Complaint that Meryl engaged in any activity different from her usual care and feeding of the horses on the morning of the arrest, such that Defendants could have had probable cause to arrest her. These allegations show that the circumstances within the Defendants knowledge were insufficient to warrant a prudent person in believing Meryl had committed an offense.

The factual allegations of the Complaint, which must be taken as true, establish a lack of probable cause to arrest and prosecute Meryl for criminal trespass. "The existence of probable cause is a fact-based inquiry" not properly resolved on a motion to dismiss. *Gay v. Robinson*, 2009 WL 196407, at *3 (C.D. Ill. 2009). Accordingly, this Court should deny the Defendants' motion to dismiss Count III, false arrest, and Count IV, malicious prosecution.

For all the reasons stated above, Defendants' Motion to Dismiss should be denied.

Respectfully submitted,
MERYL SQUIRES-CANNON,
Plaintiff,

By:   /s/ Robert J. Slobig     
        One of her attorneys

By:   /s/ Maria E. Magginas   
        One of her attorneys

Robert J. Slobig (ARDC #6183120)
Maria E. Magginas (ARDC #6313401)
Torshen, Slobig, & Axel, Ltd.
33 North Dearborn Street, Suite 1710
Chicago, IL 60602
(312) 372-9282

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2016, I electronically transmitted the **Plaintiff's Response to the Motion to Dismiss of Defendants Dwyer and Cooper** to the Clerk of the Court, using the ECF system for filing, and caused the ECF system to transmit a Notice of Electronic Filing to the counsel of record listed below on the ECF system for this case:

John M. Power (john.power@cookcountyil.gov)
Michael J.A. Pasquinelli (michael.pasquinelli@cookcountyil.gov)
Michael J. Sorich (michael.sorich@cookcountyil.gov)
Jayman A. Avery, III (jayman.avery@cookcountyil.gov)
Cook County State's Attorney's Office
50 West Washington St.
Chicago, IL 60602


Daniel M. Feeney (dfeeney@millershakman.com)
Brian J. Kerwin (bkerwin@millershakman.com)
Miller Shakman & Beem, LLP
180 North LaSalle St., Suite 3600
Chicago, IL 60601



_____ /s/ Maria E. Magginas _____


Maria E. Magginas (ARDC #6313401)
Torshen, Slobig, & Axel, Ltd.
33 North Dearborn Street, Suite 1710
Chicago, IL 60602
(312) 372-9282

14