IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MERYL SQUIRES CANNON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15 CV 6876 |
| | ) | The Honorable Virginia M. Kendall |
| **DENNIS WHITE**, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO RECONSIDER DENIAL OF ITS *RULE 12(b)(6)* MOTION TO DISMISS COUNT I OR ALTERNATIVE *RULE 12(b)(6)* MOTION TO DISMISS COUNT I**

NOW COMES the Forest Preserve District of Cook County ("District"), by its attorney Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorneys Jayman A. Avery III and Marie D. Spicuzza, and moves this Honorable Court to reconsider its denial of the District's *Rule 12(b)(6)* Motion to Dismiss Count I of the Complaint ("Original Motion") or alternatively, pursuant to *Rule 12(b)(6)* of the Federal Rules of Civil Procedure to dismiss Count I of the Complaint ("Instant Motion").[1] For its motion, the District states:

**I. INTRODUCTION.**

Plaintiff filed the Complaint on August 6, 2015. The Complaint is devoid of any reference to the Fourth Amendment of the United States Constitution. The District and Defendant Dennis White filed the Original Motion (Dkt. 19) on October 16, 2015. The Original

---

[1] The Instant Motion is properly brought despite it being a "second" motion to dismiss. A motion premised upon the Plaintiff's failure to state a claim upon which relief can be granted can be made at any time, up to and including trial on the merits. *Rule 12(h)(2)*; *Curl v. Reavis*, 740 F.2d 1323, 1327, n. 2 (4th Cir. 1984). *Accord*, *Washington v. Normandy Fire Protection District*, 328 F.3d. 400, 405-06 (8th Cir. 2003) (affirming motion to dismiss filed during the pre-trial hearing and after the district court's scheduling order had provided); *Coleman v. Frierson*, 607 F. Supp. 1566, 1575 (N.D. Ill. 1985) (failure to state a claim may be raised at any time before a disposition on the merits).

1

Motion was fully briefed, as were motions filed by other defendants. On February 12, 2016, this Court, *inter alia*, granted the Original Motion except as to count I directed at the District characterizing count I for the first time as a Fourth Amendment claim. *See* Memorandum Opinion and Order (Dkt. 52) ("Opinion"), at 1, 3-5. In footnote 1, this Court stated that the defendants had probable cause to arrest Plaintiff for trespass. *Id.*, at 5, n. 1. This Court further found that the District Defendant had not moved to dismiss count I based on failing to state a claim under the Fourth Amendment due to the existence of probable cause. *Id.* The District respectfully contends that it raised probable cause as a ground to dismiss count I. Alternatively, because probable cause exists, and because probable cause defeats a Fourth Amendment claim (*see id.*), the District now specifically moves to dismiss count I on that ground. *See id.*, at 5-11.

## II. FACTS.

For its statement of the facts, the District sets forth the facts contained in the Original Motion (Dkt. 19) at 1-3, as if fully set forth herein. To the extent any portion of the record is necessary for this Court to decide the Instant Motion, the District sets forth the Appendix attached to the Original Motion (Dkt. 19, Exhibit 1), as if fully set forth herein.

## III. LEGAL STANDARDS.

For its statement of the Legal Standards, the District sets forth the Legal Standards contained in its Original Motion (Dkt. 19) at 3, as if fully set forth herein.

## IV. ARGUMENT.

### A. MOTION TO RECONSIDER.

In section I of the Original Motion, which was directed only at count I, the District alleged that the Complaint did not state a separate, viable cause of action because there was no mention of any Constitutional or federal statutory provision that Defendants were alleged to have

2

violated. Dkt. 19, at 4. Later in the same section, in the second paragraph, the District stated that, "[i]f it is assumed that the conduct Plaintiff alleges in counts II, III, and IV provide plausible claims under federal law because of the liberty interests alleged, Plaintiff still fails to state a cause of action for any of the claims." *Id.* This argument posited that if count I were found to state a cause of action, the District was utilizing the defenses in the following sections of its brief to defeat that claim. One of the defenses subsequently mentioned was that probable cause was a bar to the instant lawsuit; "[t]he existence of probable cause defeats Plaintiff's false arrest and malicious prosecution claims." *Id.* Further, immediately following its raising of probable cause as a basis for dismissing the unspecified liberty interest alleged by Plaintiff, the District also stated, "[t]hus, count I should be dismissed." *Id.* The intentional use of the word "thus" linked the defense of probable cause to count I as a ground for dismissing it. Accordingly, this Court should reconsider its denial of the Original Motion of the District as to count I and grant it.

### B.  MOTION TO DISMISS.

Alternatively, this Court should dismiss count I because probable cause defeats any Fourth Amendment claim by Plaintiff. Opinion, at 5 (*citing National Casualty v. McFatridge*, 604 F.3d 335, 344 (7th Cir. 2010)); *see also Maniscalco v. Simon*, 712 F.3d 1139, 1143 (7th Cir. 2013) (probable cause is an absolute bar to a claim of false arrest under the Fourth Amendment and *§1983*); *United States v. Howard*, 729 F.3d 655, 660 (7th Cir. 2013) (probable cause barred Fourth Amendment claim where plaintiff was detained and handcuffed); *Seiser v. City of Chicago*, 762 F.3d 647, 654 (7th Cir. 2014) (plaintiff could not prevail in case brought under *§1983* regarding a Fourth Amendment seizure and state malicious prosecution claim because probable cause existed).

This Court has already found that probable cause existed for Plaintiff's arrest and that Plaintiff's false arrest and malicious prosecution claims fail as a result. *See* Opinion, at 5-11. The same defense further defeats count I. *See id.*, at 5, n. 1. Based on the foregoing findings and case law, this Court should dismiss count I.

**V.   CONCLUSION.**

Count I contains fatal legal defects that bar relief. For the foregoing reasons, count I should be dismissed with prejudice.


RESPECTFULLY SUBMITTED,

ANITA ALVAREZ
State's Attorney of Cook County, Illinois

By: */s/ Jayman A. Avery III*
Jayman A. Avery III (6192261)
Marie D. Spicuzza
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-7780