IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MERYL SQUIRES CANNON,<br>    Plaintiff,<br><br>v.<br><br>DENNIS WHITE, ERIC HILDEBRNDT,<br>PATRICK DWYER, CHRISTOPHER<br>CARMICHAEL, HOLLAND & KNIGHT, LLP,<br>THE FOREST PRESERVE DISTRICT OF<br>COOK COUNTY, ILLINOIS, OFFICER COOPER<br>and DOES Nos. 1-15.<br>    Defendants. | No. 15 CV 6876<br><br>The Hon. Virginia M. Kendall |

## PLAINTIFF'S RESPONSE TO DEFENDANT, FOREST PRESERVE DISTRICT'S, MOTION TO RECONSIDER OR ALTERNATIVE MOTION TO DISMISS COUNT I

Plaintiff, Meryl Squires-Cannon, respectfully submits this response to the motion of Defendant, Forest Preserve District, to reconsider this Court's denial of the Forest Preserve District's motion to dismiss Count I or, alternatively, to dismiss Count I of her Complaint under Rule 12(b)(6) based on the Forest Preserve District's claim that there was probable cause for her arrest.

The Court should deny the motion because the determination of probable cause is an issue of fact not appropriate for resolution on a motion to dismiss.

### INTRODUCTION

Plaintiff, Meryl Squires-Cannon ("Meryl"), was unlawfully arrested, detained, and charged with criminal trespass, without probable cause. (Complaint ¶¶ 18, 23-31). She worked for a tenant, Royalty Farms, LLC, which had a legal right to be on Horizon Farms pursuant to a lease. (Complaint ¶¶ 15, 18). On behalf of Royalty Farms, Meryl routinely went to Horizon Farms in the

early morning and evening hours to care for and feed its horses. (Complaint ¶ 18). The Forest Preserve District's ("the District") personnel knew of Meryl's presence on Horizon Farms, acknowledged her, and communicated to her that she was permitted to be there. (Complaint ¶ 19). The District's personnel and police officers regularly checked in with their superiors to confirm Meryl was permitted on the property. (Complaint ¶ 19).

At 6:00 a.m. on August 13, 2014, Meryl went to Horizon Farms in the same manner as she had done on many past occasions. (Complaint ¶ 22). She was unlawfully arrested and detained by the District's officers, who followed instructions given by Defendant Dennis White, chief attorney for the District, and Defendants Holland and Knight, LLP and Christopher Carmichael, the District's outside counsel. (Complaint ¶¶ 22-23, 42-43). She was handcuffed to the wall, searched, photographed, fingerprinted, and charged with criminal trespass. (Complaint ¶ 31). The Circuit Court of Cook County found Meryl not guilty. (Complaint ¶ 35).

On February 12, 2016, this Court granted the Defendants' motions to dismiss Meryl's claims for civil conspiracy (Count II), false arrest (Count III), and malicious prosecution (Count IV) based on a finding, contrary to the facts alleged in the Complaint, that there was probable cause for the arrest. (Dkt. 52). The Court relied on orders entered on October 13, 2013 and May 5, 2014 in state court mortgage foreclosure litigation. (Dkt. 52 at 5-11).

The Court denied the District's motion to dismiss Meryl's claim for violation of her civil rights (Count I). (Dkt. 52 at 3-5). On March 4, 2016, the District filed this motion to reconsider or, in the alternative, to dismiss Count I. (Dkt. 55). The District's motion should be denied because the determination of probable cause is an issue of fact inappropriate for resolution on a motion to dismiss.

2

## **STANDARD OF REVIEW**

The District's motion sets forth the legal standard for a motion to dismiss under Rule 12(b)(6), but omits the standard for a motion to reconsider under Rule 60(b). A district court may, in its sound discretion, grant relief under a Rule 60(b) motion for reconsideration for a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation or other misconduct by an adverse party; or for any other reason justifying relief from judgment." *Tobel v. City of Hammond*, 94 F.3d 360, 361 (7th Cir. 1996).

"Motions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp.2d 704, 707 (N.D. Ill. 2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). In regard to the "manifest error" prong, the Seventh Circuit has explained that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has a made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *see also Weigel v. Stork Craft Mfg., Inc.*, 2012 WL 2130910, at *2 (N.D. Ill. June 6, 2012) ("Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing."); *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"). The court of appeals has explained that a motion to reconsider may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191.

3

Additionally, to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, Plaintiff needs only to provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (internal quotation marks omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). The court must "accept all the factual allegations in the complaint and draw all reasonable inferences from these facts in favor of the plaintiff." *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993).

## ARGUMENT

This Court should deny the District's motion to reconsider or, in the alternative, to dismiss Count I because the determination of probable cause is an issue of fact inappropriate for resolution on a motion to dismiss. The Seventh Circuit has stated that whether probable cause exists for an arrest is a "mixed question of fact and law," *U.S. v. Carlisle*, 614 F.3d 750, 754 (7th Cir. 2010), that would be inappropriate for resolution on a motion to dismiss. *Huynh v. Riviera*, 2010 WL 5676268, at *4 (N.D. Ill. Jan. 31, 2010); *See also, Brickley v. Fitzgerald*, 2013 WL 6152302, at *5 (C.D. Ill. Nov. 22, 2013) quoting *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 714 (7th Cir. 2013) ("Whether an arrest is supported by probable cause is usually a question of fact decided by the jury."); *Gay v. Robinson*, 2009 WL 196407, at *3 (C.D. Ill. Jan. 27, 2009) ("The existence of probable cause is a fact-based inquiry" not properly resolved on a motion to dismiss); *Contorno v. McCann*, 2005 WL 281228, at *6 (N.D. Ill. Feb. 2, 2005) ("Whether or not the officers had probable cause to arrest … are questions of fact which cannot be determined on a motion to dismiss."); *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993) quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983) ("While many formulations of probable cause exist, all refer to

4

exercises of judgment which 'turn[s] on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a near set of legal rules.' These sorts of assessments typically would fall within the province of the jury, which determines whether probable cause existed in a given case…"); *Bates v. Stevenson*, 1995 WL 66389, at *4 (N.D. Ill. Feb. 13, 1995) ("Section 1983 claims that challenge the existence of probable cause generally present questions of fact for a jury to decide.").

Probable cause may be found as a matter of law "when there is no room for any difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994).

In the February 12, 2016 Order, the Court granted Defendants' motions to dismiss Counts II, III, and IV by finding that there was probable cause for Defendants to arrest Meryl on August 13, 2014 for criminal trespass in light of the October 13, 2013 and May 5, 2014 state court orders in the foreclosure litigation. (Dkt. 52 at 5-11). As to Count I, however, the Court held that the Complaint "clearly reference[d]" a deprivation of Fourth Amendment rights in Meryl's allegation that she was unlawfully arrested. (Dkt. 52 at 4).

The District now argues that the Court should reconsider its denial of the motion to dismiss Count I because the District raised the defense of probable cause in its original motion to dismiss, (Dkt. 19), Count I of the Complaint. (Dkt. 55 at 2-3). As such, the District asks this Court to reconsider its ruling denying the dismissal of Count I because "probable cause defeats Plaintiff's false arrest and malicious prosecution claims." (Dkt. 55 at 3). Alternatively, the District argues that Count I should be dismissed because probable cause defeats any Fourth Amendment claim. (Dkt. 55 at 3).

5

The District did not raise the defense of probable cause in its original motion to dismiss Count I. The District's only argument raised to dismiss Count I was that the Complaint was devoid of allegations of "any deprivation of rights, privileges or immunities secured by the Constitution," (Dkt. 19 at 4), which this Court properly rejected as incorrect. (See, Dkt. 52 at 4). The District only argued probable cause in seeking the dismissal of Counts III and IV. (Dkt. 19 at 6-10). The District has not shown that the Court "patently misunderstood" the District in their original motion to dismiss to warrant reconsideration of the February 12, 2016 Order. *See, Bank of Waunakee*, 906 F.2d at 1191. Nor should this Court reconsider its denial to dismiss Count I when the District could have raised the defense of probable cause in its original motion to dismiss. *See, Weigel,* 2012 WL 2130910, at *2. Thus, the District's motion to reconsider should be denied.

Even if the District had raised the defense of probable cause in their original motion to dismiss Count I, the existence of probable cause to arrest Meryl is an issue of fact inappropriate for resolution on a motion to dismiss. Meryl incorporates by reference the entirety of the Plaintiff's Motion to Reconsider Pursuant to Rule 60(b), (Dkt. 60), being filed concurrently herewith.

First, the October 13, 2013 and May 5, 2014 state court orders provide no basis for Meryl's arrest. They do <u>not</u> prohibit her from entering the property; rather, those orders merely deprived Meryl of a *possessory* interest in Horizon Farms. Note the specific language in the state court orders that "if *possession* is withheld, the Sheriff of Cook County is directed to evict and dispossess." (emphasis added). It does not follow from the two orders that Meryl could not have permission to be on the property on some basis other than as owner of Horizon Farms, for example, through express permission from the District as the Complaint alleges. (Complaint ¶ 19).

Moreover, Illinois courts are clear that the crime of trespass requires notice "from the owner or occupant that entry is forbidden." *See, e.g., People v. Hsiu Yan Chai*, 16 N.E.3d 887, 897

6

(Ill. App. Ct. 2014). Even an eviction order is not notice from the owner itself that entry is forbidden. Meryl received permission from the District for months subsequent to the October 13, 2013 and May 5, 2014 orders that she could enter Horizon Farms to care for the horses of Royalty Farms, the tenant. (Complaint ¶ 19). Meryl received no notice from the District that she was not allowed on Horizon Farms before her arrest. There were no "no trespassing" notices posted on the property. (Dkt. 60, Ex. 1 at 17, 18). No reasonable officer could have believed that Meryl committed the crime of trespass. *See, Lamon v. Sandidge,* 232 F. App'x 592, 594 (7th Cir. 2007) (reversing a Rule 12(b)(6) dismissal where attached documents did not explicitly contradict that arrest was without probable cause).

The District's reliance on the two orders also presupposes that the officers who made the arrest knew about the orders and thought they were carrying the orders out. No discovery has taken place in this case yet, and there are no facts before the Court purporting to demonstrate that the officers had knowledge of either of the court orders on which the Defendants rely. On the contrary, the facts in the Complaint show that the officers instead knew that Meryl had permission to visit the property. The District's police had repeatedly seen Meryl on the property, asked her to identify herself, called in to their superiors to determine whether she was permitted to be there, and then told her that they were advised it was O.K. for her to be on the property. (Complaint ¶¶ 18, 19).

Meryl's presence was not "in contravention of [the October 13, 2013 and May 5, 2014 orders]" (Dkt. 52 at 9); the orders deprived Meryl only of her possessory interest in the property. She had already complied with those orders, months earlier, by surrendering the keys and moving her personal property off Horizon Farms. The Complaint alleges the District had given her permission to enter Horizon Farms for months after those orders were issued. (Complaint ¶ 19). The Court should accept that it is at least plausible that the Defendants ordered Meryl arrested for

7

some other reason, for example, to harass and intimidate her, which is what is alleged in the Complaint. (Complaint ¶¶ 39, 46, 51, 56). The Court can take judicial notice of the multiple hotly-contested lawsuits that were then pending between the parties in state court. (See, Dkt. 44). The Court also failed to consider that there was no conceivable need to arrest Meryl (even if the officers were allegedly seeking to enforce the orders regarding possession) as she offered to voluntarily leave the premises and not return until a judge had ruled on her right to be there. (Complaint ¶ 28).

Moreover, the Complaint alleges that the officers who arrested Meryl were aware that the District granted Meryl permission to be on Horizon Farms for months subsequent to the October 13, 2013 and May 5, 2014 orders. (Complaint ¶ 19). The Complaint also alleges that Meryl came onto the property on August 13, 2014 in the same manner as she had done on many past occasions. (Complaint ¶ 22). Under these circumstances, it is plausible that a reasonable person in the position of the arresting officers would not have reason to believe Meryl committed criminal trespass. Thus, whether the facts and circumstances within the arresting officers' knowledge at the time of Meryl's arrest – which have not yet been proved – could cause a reasonable person in the position of the arresting officers reason to believe Meryl had committed criminal trespass, even considering the state court orders in the foreclosure litigation, is a question of fact. The allegations in the Complaint allow room for difference of opinion concerning the facts or the reasonable inferences to be drawn from the Complaint. The issue of probable cause to arrest Meryl cannot be decided on the District's motion to dismiss Count I.

## **CONCLUSION**

For the forgoing reasons, the Court should deny the District's motion to reconsider its denial to dismiss Count I, and the Court should again deny the District's motion to dismiss Count

I based on probable cause because the determination of probable cause is an issue of fact inappropriate for resolution on a motion to dismiss.

                                                   Respectfully submitted,
                                                   MERYL SQUIRES-CANNON,
                                                   Plaintiff,

                                          By: __/s/ Robert J. Slobig_____
                                                         One of her attorneys

                                          By: __/s/ Maria E. Magginas___
                                                         One of her attorneys

Robert J. Slobig (ARDC #6183120)
Maria E. Magginas (ARDC #6313401)
Torshen, Slobig & Axel, Ltd.
33 North Dearborn Street, Suite 1710
Chicago, IL 60602
(312) 372-9282

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2016, I electronically transmitted the **Plaintiff's Response to Defendant, Forest Preserve District's, Motion to Reconsider or, alternatively, to Dismiss Count I** to the Clerk of the Court, using the ECF system for filing, and caused the ECF system to transmit a Notice of Electronic Filing to the counsel of record listed below on the ECF system for this case:

John M. Power (john.power@cookcountyil.gov)
Michael J.A. Pasquinelli (michael.pasquinelli@cookcountyil.gov)
Michael J. Sorich (michael.sorich@cookcountyil.gov)
Jayman A. Avery, III (jayman.avery@cookcountyil.gov)
Cook County State's Attorney's Office
50 West Washington St.
Chicago, IL 60602


Daniel M. Feeney (dfeeney@millershakman.com)
Brian J. Kerwin (bkerwin@millershakman.com)
Miller Shakman & Beem, LLP
180 North LaSalle St., Suite 3600
Chicago, IL 60601



                                                                                                                             /s/ Maria E. Magginas



Maria E. Magginas (ARDC #6313401)
Torshen, Slobig & Axel, Ltd.
33 North Dearborn Street, Suite 1710
Chicago, IL 60602
(312) 372-9282