IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MERYL SQUIRES CANNON, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FOREST PRESERVE DISTRICT OF | ) | No. 15-CV-6876 |
| COOK COUNTY, ILLINOIS, | ) | |
| DENNIS WHITE, ERIC HILDEBRANDT, | ) | |
| PATRICK DWYER, CHRISTOPHER | ) | Judge Virginia M. Kendall |
| CARMICHAEL, HOLLAND & KNIGHT | ) | |
| LLP, OFFICER COOPER, and DOES 1-15, | ) | |
| | ) | |
|       Defendants. | ) | |

**HOLLAND & KNIGHT'S AND CHRISTOPHER CARMICHAEL'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER**
**PURSUANT TO RULE 60(b)**

The Court should deny Plaintiff's Rule 60(b) Motion to Reconsider its grant of Holland & Knight LLP's and Christopher Carmichael's motion to dismiss. Most fundamentally, Plaintiff asks the court only to reconsider one of the two alternative bases on which the Court dismissed with prejudice the claims against Holland & Knight and Carmichael ("the H&K Defendants"). Plaintiff seeks reconsideration of the Court's determination that probable cause precluded Plaintiff's state law claims – the only three claims brought against the H&K Defendants. But Plaintiff does not challenge the Court's conclusion that the absolute litigation privilege bars all claims against those Defendants. Therefore, even if the Court is inclined to alter its probable cause ruling (which it should not), the case still would remain dismissed as to the H&K Defendants. Thus, there is no need for the Court to entertain Plaintiff's motion.

In any event, the standards governing Rule 60(b) motions preclude reconsideration here. First, Plaintiff fails to establish a "manifest error of law or fact" by the Court, as required.

Second, Plaintiff makes new factual assertions and attaches an exhibit to her motion to bolster her claims – improperly treating a Rule 60(b) motion as an amended complaint in an attempt to skirt the consequences of the Court's "with prejudice" dismissal. Third, Plaintiff's motion renews her demonstrably false assertion that she was not given notice by the District that her presence on the District's property would be considered trespass. The Court may take judicial notice of an affidavit Ms. Cannon filed in state court, which unequivocally establishes that Ms. Cannon was given written notice that entry on the property would subject her to arrest, and should reject her recent, contrary assertion as violative of Federal Rule of Civil Procedure 11(b). Last but not least, the Court's determination that probable cause bars Plaintiff's claims was a sound application of Rule 12(b)(6) and should not be disturbed.

**Background**

As the Court knows, this case is one of several that Plaintiff Meryl Squires Cannon filed in state or federal court in the desperate hope of regaining possession of a 400-acre estate and horse farm in Barrington Hills, Illinois (Horizon Farms, or "the Property"), which she and her husband lost to foreclosure in 2013, and which the Forest Preserve District of Cook County, Illinois (the "District") then purchased in a foreclosure sale. Compl. ¶14.

In her complaint in this case, Plaintiff admits that the District acquired title to the Property on May 5, 2014, pursuant to a judgment entered in the Circuit Court of Cook County following foreclosure litigation. *Id.* The May 5, 2014 Order confirmed an October 10, 2013 Order that placed the District in possession of the Property, required Plaintiff to vacate the Property, and prohibited her from interfering with the District's possession of it. *See* Mem. Op. and Order, Dkt. 52, p. 7. More specifically, the May 5, 2014 Order (1) approved the sale of the Property to the District, (2) required Plaintiff to surrender possession of the Property to the

2

District, and (3) provided that "[i]n the event possession is withheld, the Sheriff of Cook County is directed to evict and dispossess, no sooner than 30 days from the entry of this Order, Royalty Properties LLC, Cannon Squires Property, LLC, Richard Kirk Cannon, and Meryl Squires Cannon from the mortgaged real estate (311 Algonquin Road, Barrington Hills, Illinois) without further Order of Court." *See* Dkt. 18, Ex. E p. 6, ¶¶ 1, 3, 6. When Plaintiff continued to access the Property without authorization, she was arrested for trespass. Compl. ¶23.

Nevertheless, Plaintiff sued the District, its in-house attorney, three of its police officers, its outside attorney Carmichael (who represented the District in the foreclosure proceedings) and his law firm. Despite the Orders requiring her to vacate the Property and permitting her eviction, she alleged that her arrest and removal were unlawful because she maintained the right to enter the Property as an "employee" of Royalty Farms, LLC, which she contends held a lease for use of the Property. Compl. ¶¶18, 23-24. Count I of Plaintiff's four-count complaint alleges that the actions of the District and its employees offended Plaintiff's civil rights in violation of 42 U.S.C. §§ 1983 and 1988. The H&K Defendants were named in Counts II-IV—Illinois state law claims for civil conspiracy, false arrest, malicious prosecution—because they allegedly "provided advice and counsel to [the District] that Plaintiff could be treated as a trespasser and arrested." Compl. ¶43(a).

In its Memorandum Opinion and Order of February 12, 2016, this Court dismissed with prejudice all three Counts against the H&K Defendants for two independent reasons. First, the Court concluded that the existence of probable cause mandated dismissal of Plaintiff's claims. Dkt. 52 at 11. A reasonable person, the Court said, would interpret the state court Orders of May 5, 2014 and October 10, 2013, "in conjunction with [Plaintiff's] presence on the property on August 13, 2014 as more than sufficient to create probable cause that she had committed

trespass." *Id.* at 9. Alternatively, the Court found that Illinois's absolute litigation privilege – which protects lawyer-client communications pertaining to litigation – mandated "dismiss[al of] all claims against [the H&K Defendants] with prejudice," because the alleged instructions given to the District about their property rights were "given in furtherance of state court orders" that the H&K Defendants had obtained in the foreclosure litigation. *Id.* at 20-21. (The Court dismissed the civil conspiracy claim, Count II, for a third reason – the intracorporate conspiracy doctrine dictates that the H&K Defendants cannot conspire with their own client. *Id.* at 13-14.)

Plaintiff now asks the Court to reconsider only its determination that a reasonable person reviewing the state court eviction orders would have probable cause to believe that Plaintiff was trespassing on the District's property.

## Legal Standard

As Plaintiff acknowledges, "[m]otions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). "The Seventh Circuit has explained that a motion to reconsider is proper only when 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Gen. Cas. v. United States Gov't*, No. 13-cv-5596, 2014 WL 4269096, at *1 (N.D. Ill. Aug. 28, 2014) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Thus, "[r]econsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing." *Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012). Likewise, "a motion for reconsideration brought under Rule 60(b) is

not at the disposal of parties who want to 'rehash' old arguments." *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). And "[a] manifest error is not demonstrated by the disappointment of a losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and internal quotation marks omitted).

"Because the standards for reconsideration are exacting, [the Seventh Circuit] has stressed that issues appropriate for reconsideration 'rarely arise and the motion to reconsider should be equally rare.'" *Gen. Casualty*, 2014 WL 4269096, at *1 (quoting *Bank of Waunakee*, 906 F.2d at 1191).

## Argument

### A. The Relief Plaintiff Seeks On Reconsideration Will Not Affect the Dismissal of the H&K Defendants From This Suit.

Plaintiff seeks reconsideration of the Court's determination that probable cause precludes Plaintiff's state law claims for false arrest, malicious prosecution, and civil conspiracy—the only three claims brought against the H&K Defendants. But the Court also dismissed Plaintiff's claims against the H&K Defendants on the alternative grounds that her claims are barred by the absolute litigation privilege, a ruling that Plaintiff does not ask the Court to change. Thus, even if the Court were to revisit its probable cause decision, the case would remain dismissed as to the H&K Defendants. Because the ruling Plaintiff seeks from the Court will not reinstate the claims against the H&K Defendants, Plaintiff effectively asks the Court to issue an advisory opinion as to the H&K Defendants, an exercise the Court need not expend time and energy doing. *Cf. Wisconsin Right to Life, Inc. v. Schober*, 366 F.3d 485, 488-89 (7th Cir. 2004) (Article III of the Constitution "ensures that the resources of the federal judiciary are not expended on advisory opinions and hypothetical disputes."); *In re Outboard Marine Corp.*, 304 B.R. 844,

5

860 (Bankr. N.D. Ill. 2004) ("[A] decision that cannot affect the legal rights of the parties is an impermissible advisory opinion, as are opinions on abstract legal questions.").

### B. Reconsideration Would Be Inappropriate In Any Event.

None of the limited circumstances in which reconsideration is appropriate is present here. The Court has not "patently misunderstood" Plaintiff or "made an error not of reasoning but of apprehension." *Bank of Waunakee*, 906 F.2d at 1191. Nor has the court committed "manifest error" by overlooking controlling precedent. *Oto*, 224 F.3d at 606. Plaintiff's basic argument was – and is – straightforward: that the Defendants lacked probable cause to arrest her. The Court disagreed, concluding that the relevant state court orders permitted the Defendants to draw the reasonable conclusion that her arrest was permissible. Unhappy with that result, Plaintiff seeks to revive the same debate. The Court should deny Plaintiff's motion on this basis alone. *See Oto*, 224 F.3d at 606 ("[D]isappointment of the losing party" is not "manifest error"); *Young*, 161 F.R.D. at 62 (A motion to reconsider is not for "rehash[ing]" old arguments.).

In support of her probable cause argument, Plaintiff makes two specific contentions. Both are legally improper and factually incorrect. First, she claims the state court orders only deprived her of a "possessory interest" in the Property, and that she "complied with those orders, months earlier, by surrendering the keys and moving her personal property off the farm." Pl. Mot. to Recon., Dkt. 60, p. 7. Procedurally, this claim should be rejected as an argument that she could have – but did not – make in opposing Defendants' motions to dismiss, ("Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing." *Wiegel*, 891 F. Supp. 2d at 944), and because it introduces factual assertions not pled in Plaintiff's complaint (which makes no reference to keys, personal property, or efforts to comply with court orders).

6

Plaintiff's argument also should be rejected because it completely contradicts the premise on which she has staked her claims to this point – that her arrest was unlawful because she, in fact, *had* a possessory right to Horizon Farms (even after the court orders) as an employee of alleged lessee Royalty Farms, LLC. *See* Compl. ¶18 ("Plaintiff visited Horizon Farms as the duly authorized representative and employee of the lessee, Royalty Farms, LLC, in order to feed and care for the horses."); Pl. Opp. to H&K MTD, Dkt. 26, p. 5 ("[T]he May 5, 2014 Order approving the foreclosure sale of Horizon Farms to the District expressly excluded any provision that would affect the rights of tenants and other occupants, such as Royalty Farms, LLC."). Since the Court rejected that theory in dismissing Plaintiff's claims – the state court Orders specifically required "*Meryl Squires Cannon*" to vacate the property and permitted her eviction, by name – she now abandons the argument altogether. Instead, she contends that the Orders prohibited her *possession*, but not her *presence* on the property.

This new argument ignores the plain text of the October 10, 2013 Order. That Order expressly requires that "Meryl Squires Cannon … shall **vacate** the Subject Property by November 18, 2013 *and* **turn over possession** to the Forest Preserve District of Cook County." *See* Dkt. 18-8, at 3, ¶¶3-4; Mem. Op. and Order, Dkt. 52, at 7 ("The state court in its order required the state court defendants – which included Squires-Cannon – to vacate the property by November 18, 2013 and prohibited them from interfering with possession."). Thus, as this Court observed in granting the H&K Defendants' motion to dismiss, "under the October [10], 2013 order, Squires-Cannon was not permitted on Horizon Farms as of November 18, 2013." Dkt. 52 at 9. Moreover, with Plaintiff divested of any ownership or possessory rights in the Property, the District maintained the legal authority to exclude her from entering it. *See People v. Yutt*, 231 Ill. App. 3d 718, 721-22 (3d Dist. 1992) ("'Owner' is statutorily defined as: A person . . . who has

7

possession . . . in the property . . . and without whose consent the [trespasser] has no authority to exert control over the property."); *id.* at 722 (A property "owner" has "traditional property rights, including the power to exclude people.").

Plaintiff's position continues to misunderstand that probable cause is an objective standard that "asks what a reasonable person [in the shoes of the defendant] would be warranted in believing" in light of the relevant court orders. *Williamson v. Curran*, 714 F.3d 432, 447 (7th Cir. 2013). Thus, any creative or inventive meaning that Plaintiff may now try to assign to these Orders is irrelevant. Just as it is immaterial to the probable cause determination if the accused is ultimately found not guilty. *See Sterling v. Kazmierczak*, 983 F. Supp. 1186, 1190 (N.D. Ill. 1997). The only relevant question is whether it was reasonable for the H&K Defendants to believe that Plaintiff's presence on the District's property constituted trespass. [1]

Plaintiff's second argument, though not new, is worthy of the Court's attention. Astoundingly, Plaintiff doubles down on her contention – first advanced in her opposition to Defendants' motions to dismiss – that it was unreasonable for the Defendants to believe her guilty of trespass because the District had failed to notify her that she was not allowed on the Property. *See* Pl. Opp. to H&K MTD, Dkt. 26, at 3 ("Meryl had no notice that the District considered her presence on the property to be a crime."); Pl. Mot. to Recon., Dkt. 60, at 6 ("Meryl received no notice from the District that she was not allowed on Horizon Farms before her arrest."). As pointed out in the H&K Defendants' reply brief in support of their motion to

---

[1] Plaintiff argues that without discovery we cannot know whether the arresting officers had knowledge of the state court orders. Pl. Mot. To Recon., Dkt. 60, at 6. There can be no doubt that the H&K Defendants – who represented the District in the foreclosure proceedings in which the state court orders were issued – had knowledge of them. Thus, this argument is a non-starter as it pertains to the H&K Defendants. (And, in view of the allegation in her complaint that the District arrested her on the H&K Defendants' advice that she could be treated as a trespasser, (Compl. ¶43(a)), this argument falls apart completely.)

dismiss, Plaintiff submitted a notarized affidavit to the state court in the foreclosure proceedings directly contradicting this assertion:

> On August 12, 2014 [the day before her arrest], Robert Slobig, counsel for Royalty Properties, LLC, told me that he had received an e-mail was sent [sic] from Christopher Carmichael, attorney for the Forest Preserve District, which threatened me with police action and trespass charges if I were found on the property.

Dkt. 19-1, p. 137, ¶14. Ms. Cannon, through her lawyer Robert Slobig (who is also her lawyer in this case), attached to her affidavit the August 12, 2014 email in which Christopher Carmichael told Mr. Slobig that:

> Mr. and Mrs. Cannon have repeatedly entered the Horizon Farms property, stating that there [sic] are there to take care of "their horses." The Cannons cannot enter the property any more, and have no reason to do so, particularly when you represented to the court that the horses are not theirs. The Cannons were evicted from the property by two different court orders. Continued trespassing will be addressed by the police. Please ensure the Cannons do not come onto the property again.

Dkt. 19-1, p. 178.[2]

What was characterized as "troubling" in the H&K Defendants' reply brief, (Dkt. 29, at 4), is now fully inexcusable and subject to sanctions pursuant Rule 11(b). Fed. R. Civ. P. 11(b) ("By presenting to the court a . . . written motion . . . an attorney . . . certifies that to the best of the person's knowledge . . . (1) it is not being presented for any improper purpose . . . [and] (3) the factual contentions have evidentiary support . . . .").[3] At the very least, the Court should disregard Plaintiff's false representations and related arguments. Moreover, even without the e-

---

[2] The Court may take judicial notice of these public records. *See In re Nat'l Indus. Chem. Co.*, 98 C 4081, 1998 WL 887065, at *2 (N.D. Ill. Dec. 11, 1998); *RNA Corp. v. Procter & Gamble Co.*, 747 F. Supp. 2d 1008, 1019 n.6 (N.D. Ill. 2010) (taking judicial notice of an affidavit filed in another court).

[3] Pursuant to Rule 11(c)(2), the H&K Defendants have served a Rule 11 Motion for Sanctions on Plaintiff and will present such motion to this Court if Plaintiff does not withdraw the Motion to Reconsider within 21 days.

9

mailed notice provided the day before her arrest, the state court orders gave Plaintiff sufficient notice that entry onto the Property would be unlawful, as this Court found. Dkt. 52, at 10.

The Court also should ignore the trial transcript Plaintiff attaches to her motion. Attaching a new exhibit – much like injecting new factual assertions at this stage – is an attempt to make an end run around the Court's dismissal of her claims with prejudice. If anything in that transcript was helpful to her claims, Plaintiff should have attached it to her Complaint or raised it in response to the motions to dismiss. She is not free to advance in this reconsideration motion facts or arguments that could have been raised previously. *Wiegel*, 891 F. Supp. 2d at 944.

WHEREFORE, for the foregoing reasons the Court should deny Plaintiff's Motion to Reconsider the Court's 12(b)(6) dismissal of Counts II, III and IV against Defendants Holland & Knight and Christopher Carmichael.

Dated: April 7, 2016                          Respectfully submitted,

                                                 HOLLAND & KNIGHT LLP and
                                                 CHRISTOPHER CARMICHAEL

                                                 By: /s/Brian J. Kerwin
                                                           One of Their Attorneys

Daniel M. Feeney (ARDC #06224893)
Brian J. Kerwin (ARDC #3603693)
MILLER SHAKMAN & BEEM LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601
(312) 263-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on, April 7, 2016, I electronically transmitted the foregoing **Opposition to Plaintiff's Motion to Reconsider Pursuant to Rule 60(b)** to the Clerk of the Court, using the ECF systems for filing, and caused the ECF system to transmit a Notice of Electronic Filing to the counsel of record listed on the ECF system for this case.

    /s/Brian J. Kerwin

Daniel M. Feeney (ARDC #06224893)
Brian J. Kerwin (ARDC #3603693)
MILLER SHAKMAN & BEEM LLP
180 North LaSalle Street
Suite 3600
Chicago, IL  60601
(312) 263-3700