15-6876IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MERYL SQUIRES-CANNON,

    Plaintiff,

 v.      No. 15 C 6876

THE FOREST PRESERVE DISTRICT OF   Judge Virginia M. Kendall
COOK COUNTY, ILLINOIS, et al.

    Defendant.

### MEMORANDUM OPINION AND ORDER

The claims asserted by Plaintiff Meryl Squires-Cannon arise from her arrest for trespass on Horizon Farms. Defendants Dwyer and Cooper are police officers who were a part of her arrest. Squires-Cannon's four-count complaint asserts claims for violation of her constitutional right to freedom of movement under 42 U.S.C. § 1983, civil conspiracy, false arrest, and malicious prosecution. Dwyer and Cooper move to dismiss all claims against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons given below, the Court grants Dwyer and Cooper's motion to dismiss all claims against them with prejudice. (Dkt. No. 40.)

### BACKGROUND

The Court assumes familiarity with the facts as set forth in its order addressing the motions to dismiss filed by Defendants Forest Preserve District of Cook County, Illinois, Dennis White, Christopher Carmichael, and Holland & Knight LLP ("First Order"). *See Squires-Cannon v. Forest Pres. Dist. of Cook County*, No. 15 C 6876, 2016 WL 561917 at *1 (N.D.Ill. Feb. 12, 2016). In short, on May 5, 2014, the Circuit Court of Cook County issued an order in

1

reference to Horizon Farms requiring the Sheriff of Cook County to "evict and dispossess, no sooner than 30 days from the entry of this Order…Meryl Squires-Cannon…from the mortgaged estate…without further Order of Court."[1] (Dkt. No. 185.) On August 13, 2014, Cooper and Dwyer participated in the arrest of Squires-Cannon for trespass on Horizon Farms. *Id.*

## LEGAL STANDARD

A challenge under Rule 12(b)(1) asserts that the Court lacks subject-matter jurisdiction. A challenge under Rule 12(b)(6), on the other hand, asserts that the complaint fails "to state a claim upon which relief can be granted." For a complaint to survive a 12(b)(6) motion, it must allege "sufficient factual matter to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When applying this standard, the Court "first accept[s] all well-pleaded facts in the complaint as true and then ask[s] whether those facts state a plausible claim for relief." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015). In evaluating 12(b)(1) and 12(b)(6) motions, "[C]ourts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (quotation omitted). Nonetheless, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007).

---

[1] Squires-Cannon repeats the arguments she made in the briefing of the First Order about how the Court should not take judicial notice of the state court order. (Dkt. No. 50 at 3.) The Court incorporates its analysis on this issue from the First Order in finding that at the motion to dismiss stage, the Court may take judicial notice of state court orders because they are matters of public record. *See Squires-Cannon*, 2016 WL 561917 at *3 (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)).

**DISCUSSION**

**I.     Sovereign Immunity Does Not Bar Claims against Dwyer and Cooper**

Dwyer and Cooper argue that they were acting agents as the state when they arrested Squires-Cannon because they were following a lawful state court order that they were required to uphold. They opine that all claims against them should therefore be dismissed because the Court lacks jurisdiction under the Eleventh Amendment to hear claims against agents of the state and only the Court of Claims has jurisdiction to address these claims. Squires-Cannon in turn contends that Dwyer and Cooper are not covered by sovereign immunity because they were acting outside the scope of the state court order since it only mandated her eviction, not her arrest or prosecution.

Although the Eleventh Amendment bars lawsuits brought against states by citizens of another state, it "has long been interpreted to also bar federal courts from exercising jurisdiction over actions against a state brought by her own citizens." *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992). When claims are brought against agent state actors in their official capacities they are considered claims against the entity of which they are agents and the Eleventh Amendment can apply. *See Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001). But "[a] suit against a state official in his personal capacity is not barred by the Eleventh Amendment[.]" *Scott*, 975 F.2d at 369. When the plaintiff does not state in the complaint whether she is suing a state actor in his or her individual or official capacity, the Seventh Circuit has instructed courts to treat it as a lawsuit against the defendant "in his individual capacity because he sought punitive damages—a remedy only available in an individual capacity suit—and because 'the unconstitutional conduct alleged involve[d] [the defendant's] individual actions and nowhere allude[d] to an official policy or custom.'" *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000)

3

(citing *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991)). In contrast, "[w]here the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity." *Id.*

In the Complaint, Squires-Cannon does not specify whether she is suing Dwyer and Cooper in their individual or official capacities. The Complaint additionally contains no factual allegations about a policy or custom that caused her arrest and prosecution. Instead, Squires-Cannon alleges that Dwyer and Cooper acted as individuals. She also seeks punitive damages in her claims against Dwyer and Cooper and does not refer to their official titles except when identifying them as police officers in the section of the Complaint listing the parties. Therefore, the Court construes the Complaint as bringing claims against Dwyer and Cooper in their individual capacity. *See Miller*, 220 F.3d at 494; *Hill*, 924 F.2d at 1373-74; *contra, Greer v. County of Cook, Ill.*, 54 F.App'x 232, 236 (7th Cir. 2002) (finding complaint brought against defendants in their official capacities because it used "their official titles in his complaint and requested injunctive relief from their allegedly illegal actions, so we treat the defendants as being sued in their official capacity."). Because the Eleventh Amendment does not apply to lawsuits brought against state actors in their individual capacity, the Court denies Dwyer and Cooper's motion to dismiss all claims against them based on lack of jurisdiction under the Eleventh Amendment. *See, e.g., Falk v. Perez*, 973 F.Supp.2d 850, 856 (N.D. Ill. 2013) (concluding Eleventh Amendment did not bar lawsuit because claims were brought against defendant in his individual capacity).

## II.     Dwyer and Cooper are Entitled to Quasi-Judicial Immunity

Dwyer and Cooper next claim that they are protected from Squires-Cannon's claims by absolute quasi-judicial immunity because their conduct was ordered by a judge. Specifically,

they point to the May 5, 2014 state court order mandating the eviction and dispossession of Squires-Cannon if she enters Horizon Farms and argue that they are entitled to quasi-judicial immunity because they were enforcing it. Squires-Cannon responds that quasi-judicial immunity does not apply because the state court order does not direct them to arrest or prosecute her.

It is well-settled that "judges are entitled to absolute immunity from damages for their judicial conduct." *Snyder v. Nolen*, 380 F.3d 279, 286 (7th Cir. 2004) (quotation omitted). This immunity has been "extended to apply to quasi-judicial conduct of [n]on-judicial officials whose official duties have an integral relationship with the judicial process." *Richman*, 270 F.3d at 435 (quotation omitted). Law enforcement officers are entitled to absolute immunity "when the challenged conduct…was specifically ordered by the judge[.]" *Id.* at 436. In determining whether absolute immunity applies to a law enforcement officer, "the law enforcement officer's fidelity to the specific orders of the judge marks the boundary for labeling the act 'quasi-judicial.'" *Id.* For instance, the Seventh Circuit found the sheriffs were protected by absolute immunity in *Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir. 1986) for the act of enforcing a foreclosure judgment.

Dwyer and Cooper are entitled to absolute immunity for their quasi-judicial act of evicting Squires-Cannon from Horizon Farms. Squires-Cannon does not challenge the manner in which she was evicted and Dwyer and Cooper did not exercise a discretionary function when they evicted Squires-Cannon, either of which would make absolute immunity inappropriate. *See Richman*, 270 at 436-37. Instead, Squires-Cannon seeks to hold them liable for the fact that she was evicted and the eviction was carried out pursuant to a court order; this constitutes a direct assault on the state court's eviction order and therefore absolute immunity applies. *See Henry*, 808 F.2d at 1238-39; *Whitney v. Sheahan*, 53 F.3d 334 (7th Cir. 1995) (finding sheriff and his

5

deputies immune from suit seeking damages for eviction by state court order); *see, e.g., Logan v. Wilkins*, No. 1:09-cv-0282, 2009 WL 2351718 at *5 (S.D. Ind. July 30, 2009) (holding sheriff and deputy entitled to absolute immunity to the extent that they were following a court order to evict the plaintiff). The Court accordingly grants Dwyer and Cooper's motion to dismiss all claims against them with prejudice because they are protected by absolute quasi-judicial immunity.

### III. Section 1983 Count States a Claim for Relief

Dwyer and Cooper adopt the Forest Preserve and White's reasoning in their motion to dismiss the Section 1983 claim in arguing that it does not state a claim upon which relief can granted. The Court reiterates in analysis of this argument in Section I of the First Order. *See Squires-Cannon*, 2016 WL 561917 at *2. In short, the Complaint plausibly alleges that Squires-Cannon's Fourth Amendment rights were violated when the Defendants arrested for trespass. *Id.* For the reasons stated in Section I of the First Order, the Court denies Dwyer and Cooper's motion to dismiss the Section 1983 claim. *Id.*

### IV. Probable Cause Defeats False Arrest and Malicious Prosecution Claims

Dwyer and Cooper move to dismiss the false arrest and malicious prosecution claims by incorporating the arguments made in the motions to dismiss filed by the Forest Preserve and White asserting that these claims fail under 12(b)(6) because there was probable cause to arrest Squires-Cannon for trespass. The Court adopts in full its discussion of these arguments in Section II of the First Order which explains that the state court order mandating the eviction of Squires-Cannon provided probable cause for her arrest for trespass. *See Squires-Cannon*, 2016 WL 561917 at *3-4. The Court therefore grants Dwyer and Cooper's motion to dismiss the

claims against them for false arrest and malicious prosecution with prejudice for the alternative reason that probable cause existed.

## IV. Civil Conspiracy Claim Fails

Next, Dwyer and Cooper contend that the civil conspiracy claim should be dismissed because there was probable cause to arrest her and therefore no unlawful act was committed. The Court addressed the same argument in the First Order and found that the Complaint fails to plausibly allege a state law tort because the existence of probable cause defeats the claims of false arrest and malicious prosecution. *See Squires-Cannon*, 2016 WL 561917 at *5. Furthermore, the Court noted that to properly plead a civil conspiracy claim in Illinois, a plaintiff must adequately allege a tort. *Id.* (citing *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894 (Ill. 1994)). Thus, because the Complaint fails to plausibly allege an underlying tort which is a requirement for a civil conspiracy, the Court grants Dwyer and Cooper's motion to dismiss the civil conspiracy claim without prejudice. *Id.*

## V. Dwyer and Cooper are Protected by Qualified Immunity

Lastly, Dwyer and Cooper seek dismissal of the claims against them based on qualified immunity. They assert that because Squires-Cannon's constitutional rights were not violated with respect to the false arrest, malicious prosecution, and civil conspiracy claims, they are immune from suit. When a defendant claims that qualified immunity applies, the Court first determines if the plaintiff asserted a violation of a constitutional right and "next consider[s] whether the right was clearly established at the time the alleged violation occurred." *Delaney v. DeTella*, 256 F.3d 679, 682 (7th Cir. 2001). The key inquiry in the second step "is whether a reasonable person would have been on notice that her actions violated clearly established law. A plaintiff can establish this either by showing that a closely analogous case has already established

7

both the right at issue and its application to the factual situation at hand…or by showing that the violation was so obvious that a reasonable person would necessarily have known about it." *Erwin v. Daley*, 92 F.3d 521, 525 (7th Cir. 1996) (citation omitted).

As explained in Section III, the Complaint states a claim for a constitutional violation and therefore Squires-Cannon carried her burden in the first step of the qualified immunity analysis. *See Squires-Cannon*, 2016 WL 561917 at *6. Turning to the second step, Squires-Cannon fails to prove that a reasonable person in Dwyer or Cooper's position would have been on notice that arresting her for trespass violated a constitutional right. She presented no factually analogous case establishing that law enforcement officers violate a constitutional right by arresting someone for trespass pursuant to a court order mandating the arrestee's eviction. Squires-Cannon claims that Dwyer and Cooper "knew of [her] routine presence on Horizon Farms for months before [her] arrest; the District and its officers had communicated to her that she was permitted on Horizon Farms; and the District's officers regularly checked in with their superiors to confirm [she] was permitted to be on the property." (Dkt. No. 50 at 11.) This falls short of establishing that Dwyer and Cooper obviously deprived Squires-Cannon of a constitutional right when they arrested her in accordance with a court order. The allegations asserted by Squires-Cannon fail to paint her arrest for trespass as unreasonable in the face of a court order mandating her eviction. *See Squires-Cannon*, 2016 WL 561917 at *6. As a result, the Court grants Dwyer and Cooper's motion to dismiss all claims against them with prejudice for the additional reason that they are entitled to qualified immunity.

## **CONCLUSION**

For the reasons explained above, the Court grants Dwyer and Cooper's motion to dismiss all claims against them with prejudice. (Dkt. No. 40.)

									_____
									Virginia M. Kendall
									United States District Court Judge
									Northern District of Illinois

Date: 4/18/2016