IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MERYL SQUIRES CANNON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15 CV 6876 |
| | ) | The Honorable Virginia M. Kendall |
| **DENNIS WHITE**, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### OFFICER HILDEBRANDT'S *RULE 12(b)(6)* MOTION TO DISMISS THE COMPLAINT

NOW COMES Eric Hildebrandt, Police Officer for the Forest Preserve District of Cook County ("District"), in his official capacity ("Officer Hildebrandt"), by his attorney Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney Jayman A. Avery III, and moves this Honorable Court pursuant to *Rule 12(b)(6)* of the Federal Rules of Civil Procedure to dismiss the Complaint ("Complaint") by stating:

**I.        INTRODUCTION.**

The Complaint sets forth supposed injuries that Plaintiff claims arose by virtue of her trespass upon property owned by the District that she lost because she did not pay for it. Plaintiff had no legal or factual right to be on the property after she had been specifically and expressly evicted from the property for non-payment of her mortgage by a state foreclosure court judge. Because of that eviction order, there was probable cause for Plaintiff to be arrested and prosecuted for criminal trespass.

The basic facts surrounding this litigation have been placed before the Court in earlier briefs, notably motions to dismiss filed by defendants Holland & Knight and Christopher Carmichael ("Carmichael") (Dkt. 18), and by the District and Dennis White ("White") (Dkt. 19).

1

This action grows out of protracted and ongoing litigation by Plaintiff Meryl Squires Cannon, along with her husband, Richard Kirk Cannon, against the District, regarding a 400-acre estate and horse farm known as Horizon Farms which the Cannons lost in foreclosure, and which the District subsequently purchased. Dkt. 18, at 2.

On May 5, 2014, the Circuit Court of Cook County entered an Order that "the Sheriff of Cook County is directed to evict and dispossess, no sooner than 30 days from the entry of this Order [*i.e.* June 4, 2014] . . . Meryl Squires Cannon."[1] Dkt. 18-5. In a notarized affidavit signed by Plaintiff and filed in the same state court foreclosure proceeding, Plaintiff stated, "[o]n August 12, 2014, Robert Slobig, counsel for Royalty Properties, LLC, told me that he had received an e-mail was sent [sic] from Christopher Carmichael, attorney for Forest Preserve District, which threatened me with a police action and trespass charges if I were found on the property." Dkt. 19-1, at p. 137 ¶ 14. According to Plaintiff's Complaint, the very next day Plaintiff was indeed arrested when she trespassed on Horizon Farms.[2] Dkt. 1, at ¶¶ 22-23.

On February 12, 2016, this Court granted the District's and White's motion except as to Count I directed at the District, and granted Holland & Knight's and Carmichael's motion (Memorandum Opinion and Order ("First Opinion")). Dkt. 52.[3] In footnote 1, this Court stated that the defendants had probable cause to arrest Plaintiff for trespass. First Opinion, at 5, n. 1. This Court granted the motion to dismiss filed by Officers Cooper and Dwyer on April 18, 2016

---

[1] A federal court may take judicial notice of state court orders. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527, n. 4 (7th Cir. 2000).
[2] References to allegations in Plaintiff's Complaint are assumed to be true solely for the purposes of this Motion to Dismiss. Indeed, even then some allegations in the Complaint, such as Plaintiff's claim that she did not know she would be arrested if found on Horizon Farms (Dkt. 1, at ¶ 20), are contradicted by her Affidavit, noted above, which states that she did receive such a warning. Dkt. 19-1, at p. 137 ¶ 14.
[3] The District moved to dismiss Count I on March 4, 2016. Dkt. 55. That motion is pending before this Court.

by a separate Memorandum Opinion and Order ("Second Opinion")). Dkt. 76. Officer Hildebrandt now moves to dismiss the Complaint because probable cause existed and defeats Plaintiff's Fourth Amendment, civil conspiracy, false arrest, and malicious prosecution claims (*see* First Opinion, at 5, n. 1, 5-13; Second Opinion, at 6-7); Officer Hildebrandt is protected by absolute and qualified immunity (*see* First Opinion, at 14-17; Second Opinion, at 4-8); and, as a District employee, he is not liable for a civil conspiracy. *See* First Opinion, at 13-14.

## II. FACTS.

For his statement of the facts, Officer Hildebrandt sets forth the facts contained in Dkt. 19, at 1-3, and the Backgrounds of the First Opinion (Dkt. 52, at 2-3) and the Second Opinion (Dkt. 76, at 1-2), as if fully set forth herein. To the extent any portion of the record is necessary for this Court to decide this Motion, Officer Hildebrandt sets forth the Appendix attached to Dkt. 19 (Exhibit 1), as if fully set forth herein.

## III. LEGAL STANDARDS.

For his statement of the Legal Standards, Officer Hildebrandt sets forth the Legal Standards contained in Dkt. 19, at 3, and the Legal Standards of the First Opinion (Dkt. 52, at 3) and the Second Opinion (Dkt. 76, at 2), as if fully set forth herein.

## IV. ARGUMENT.

### A. PROBABLE CAUSE DEFEATS COUNTS I, II, III, AND IV.

This Court has already found that probable cause existed and defeats all of Plaintiff's claims. *See* First Opinion, at 5, n. 1, 5-13; Second Opinion, at 6-7. As the court in *Sheik-Abdi v. McLellan*, 37 F.3d 1240 (7th Cir. 1994) concisely stated, "the police have probable cause to arrest an individual when **the facts and circumstances within their knowledge and of which they have reasonably trustworthy information** are sufficient to warrant a prudent person in

believing that the suspect had committed or was committing an offense." *Id.*, at 1246 (emphasis supplied). A conclusion that probable cause existed as a matter of law is appropriate when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them. *Id.* Here, this Court has already determined that there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them as to whether probable cause existed. *See e.g.*, First Opinion at 2-3, 8-11.

With respect to whether this Court should determine probable cause at the *12(b)(6)* stage, in addition to *Henson* and *4901 Corp.* (both holding that considering state court documents is proper at the *12(b)(6)* stage of a case), *Williamson v. Curran*, 714 F.3d 432 (7th Cir. 2013), relied upon by this Court (*see* First Opinion, at 7), is also dispositive. In *Williamson*, the court considered numerous documents that the plaintiff had attached or referred to in her complaint in making the probable cause determination. *Id.,* at 436. Importantly, the court also stated that the plaintiff had not "disavowed" any of the extraneous documents in the briefing. *Id.*, at 436-37.

Here, Plaintiff affirmatively refers to the circuit court foreclosure case, thus conceding that documents associated with that case are applicable to this case. *See* Compl., at ¶14. Similarly, Plaintiff has never contended that the documents relied on by the other Defendants or this Court are not genuine. Therefore, not having disavowed any of the documents, Plaintiff has "pleaded herself out of court." *See Williamson*, 714 F.3d at 448.

    1.    COUNT I (42 U.S.C. §§ 1983 and 1988).

As to Count I, probable cause defeats any Fourth Amendment claim by Plaintiff. First Opinion, at 5 (*citing National Casualty v. McFatridge*, 604 F.3d 335, 344 (7th Cir. 2010)); *see also Maniscalco v. Simon*, 712 F.3d 1139, 1143 (7th Cir. 2013) (probable cause is an absolute bar to a claim of false arrest under the Fourth Amendment and *§1983*); *United States v. Howard*, 729

4

F.3d 655, 660 (7th Cir. 2013) (probable cause barred Fourth Amendment claim where plaintiff was detained and handcuffed); *Seiser v. City of Chicago*, 762 F.3d 647, 654 (7th Cir. 2014) (plaintiff could not prevail in case brought under *§1983* regarding a Fourth Amendment seizure and state malicious prosecution claim because probable cause existed).

This Court has already found that probable cause existed for Plaintiff's arrest and that it defeats Count I. *See* First Opinion, at 5, n. 1. Based on the foregoing findings and case law, this Court should dismiss Count I as to Officer Hildebrandt.

2.    COUNT II (Civil Conspiracy).

Plaintiff has failed to allege a civil conspiracy against Officer Hildebrandt. "Civil conspiracy is an intentional tort and requires proof that a defendant knowingly and voluntarily participate[d] in a common scheme to commit an unlawful act or a lawful act in an unlawful manner." *See McClure v. Owens Corning Fiberglass Corp.*, 720 N.E.2d 242, 258 (Ill. 1999). The only acts Plaintiff complains of are her arrest and prosecution. However, as discussed above, the existence of probable cause to arrest Plaintiff means that they were not unlawful acts or lawful acts committed in an unlawful manner. *Johnson v. Dossey*, 878 F. Supp. 2d 905, 918 (N.D. Ill. 2012) ("the gist" of a civil conspiracy claim is not the agreement but the tortious acts performed in furtherance of the agreement, and finding civil conspiracy claim deficient because of plaintiff's failure to show the absence of probable cause).

This Court has already found that the existence of probable cause defeated Plaintiff's false arrest and malicious prosecution claims, and that the Complaint thus fails to plausibly allege a state law tort in civil conspiracy. *See* First Opinion, at 12-13; Second Opinion, at 7. Based on the foregoing, this Court should dismiss Count II as to Officer Hildebrandt.

3.     COUNTS III and IV (False Arrest and Malicious Prosecution).

Probable cause defeats a state law false arrest claim. *See Maniscalco*, 712 F.3d at 1143. Probable cause defeats a state law malicious prosecution claim. *See Seiser*, 762 F.3d at 654. The question of law for this Court to decide is thus whether the totality of facts and circumstances within Officer Hildebrandt's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, that the suspect has committed, is committing, or is about to commit an offense. *See Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). This Court has already found that the existence of probable cause defeated Plaintiff's false arrest and malicious prosecution claims. *See* First Opinion, at 5-11; Second Opinion, at 6-7. The record reveals that Hildebrandt's knowledge was no different from Officers Cooper and Dwyer. See Compl., at ¶20, 23-24. Based on the foregoing, this Court should dismiss Counts III and IV as to Officer Hildebrandt.

**B. ABSOLUTE QUASI-JUDICIAL IMMUNITY DEFEATS ALL THE CLAIMS AGAINST HILDEBRANDT.**

Absolute quasi-judicial immunity also bars Plaintiff's claims from proceeding against Officer Hildebrandt. Court personnel are protected by absolute quasi-judicial immunity for claims challenging conduct which is "specifically directed by the judge." *Richman v. Sheahan*, 270 F.3d 430, 437 (7th Cir. 2001), *cert. den. sub nom.*, *Bergeson v. Richman*, 535 U.S. 971 (2002); *Snyder v. Nolan*, 380 F.3d 279, 287 (7th Cir. 2004). This immunity ameliorates "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). This immunity protects those who follow the orders of a court lest, as in the present case, they become "a lightning rod for harassing litigation aimed at the court." *Haas v. Wisconsin*, 109 Fed. Appx. 107, 113 (7th Cir. 2004), quoting

*Richman*, 270 F.3d at 435. "Courts have consistently held that officials acting pursuant to a facially valid court order have a quasi-judicial absolute immunity from damages for actions taken to execute that order." *Patterson v. Von Riesen*, 999 F.2d 1235, 1240 (8th Cir. 1993) (collection cases); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238-39 (7th Cir. 1986) (affirming dismissal of action against DeWitt County Sheriff because he was "at all times acting pursuant to an official court order to enforce a validly entered [foreclosure] judgment when he performed the allegedly wrongful acts . . . . [i]t is difficult to think of a task more intimately related to a judicial proceeding than that of enforcing a money judgment entered by a court.")

In this case, Officer Hildebrandt has become precisely the lightning rod for harassing litigation that previous courts have warned about. Plaintiff concedes that Officer Hildebrandt was acting pursuant to an order that mandated the eviction and dispossession of Meryl Squires Cannon as soon as June 4, 2014. Compl., at ¶ 14; Dkt. 18-5. At that point in time, any deputy would be duty-bound to execute the court's order, and would be operating as a "judicial adjunct," entitled to absolute quasi-judicial immunity. As the Seventh Circuit stated in *Henry*, "[t]he proper procedure for a party who wishes to contest the legality of a court order enforcing a judgment is to appeal that order and the underlying judgment, not to sue the official responsible for its execution." 808 F.2d at 1239. This Court has already found that Defendants Dwyer and Cooper are entitled to quasi-judicial immunity (*see* Second Opinion, at 4-6), and it should similarly find as to Officer Hildebrandt and the Complaint should be dismissed.

**C. QUALIFIED IMMUNITY DEFEATS ALL THE CLAIMS AGAINST HILDEBRANDT.**

Officer Hildebrandt is also not liable for any wrongdoing under the doctrine of qualified immunity for governmental officers. *See Spiegel v. City of Chicago*, 106 F.3d 209, 210-11 (7th Cir. 1997); *Kernats v. O'Sullivan*, 35 F.3d 1171, 1174 (7th Cir. 1994). Qualified immunity is an

7

affirmative defense, which may be raised in a motion to dismiss where the court accepts the facts alleged in the complaint as true. *Lanigan v. Vill. of E. Hazel Crest, Ill.*, 110 F.3d 467, 471 (7th Cir. 1997). In order to survive a defense motion to dismiss on qualified immunity grounds, Plaintiff "must show (1) that she has asserted a violation of a constitutional or statutory right, and (2) that the applicable legal standards were clearly established at the time the defendants acted." *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999). Deciding qualified immunity on a motion to dismiss protects public officers from the menace of unwarranted discovery. Delaying resolution of the defense until trial would undermine this function needlessly where disputed facts will not be dispositive. *Ibitayo v. McDonald*, 2003 U.S. Dist. LEXIS 20990, 16 (N.D. Ill 2003, Judge St. Eve), citing *Landstrom v. Illinois Department of Children and Family Services*, 892 F.2d 670, 674 (7th Cir. 1990).

Officers enjoy qualified immunity so long as their discretionary conduct did not violate a statutory or constitutional right that was clearly established at the time they acted. *Spiegel*, 106 F.3d at 211. A right is clearly established when its contours are sufficiently clear so that a reasonable official would realize that what he is doing violates that right. *Shields v. Burge*, 874 F.2d 1201, 1205 (7th Cir. 1989). Qualified immunity gives public officials the benefit of legal doubts by relieving them from having to decide, at their financial peril, how judges will decide future cases. *Kernats*, 35 F.3d at 1176.

Here, Officer Hildebrandt is entitled to qualified immunity as there was no constitutional violation with respect to any of Plaintiff's claims. *See* First Opinion, at 5-12; Second Opinion, at 4-8. Plaintiff failed to adequately plead a violation of her civil rights, and Plaintiff failed to plead that officer Hildebrandt was unreasonable in believing his actions to be lawful. This Court has found that attorney White, and Officers Dwyer and Cooper are entitled to qualified immunity (*see*

First Opinion, at 14-17; Second Opinion, at 7-8), and the Complaint against Officer Hildebrandt should be similarly dismissed.

### D. OFFICER HILDEBRANDT CANNOT BE LIABLE FOR A CIVIL CONSPIRACY.

There is no civil conspiracy under state law that is actionable in federal court. Plaintiff fails to recognize that in Illinois, without exception, a civil conspiracy cannot exist between a organization's own officers and employees. *Van Winkle v. Owens-Corning Fiberglass Corp.*, 291 Ill.App.3d 165, 173 (4th Dist. 1997). Here, the public Defendants could not conspire with one another because defendants White, Hildebrandt, Cooper, and Dwyer are alleged to be the District's employees.

The federal courts, applying Illinois law, follow the general rule that "a conspiracy cannot exist solely between the members of the same entity." *Cole v. The Board of Trustees of Northern Illinois University*, 38 F. Supp. 3d 925, 935 (N.D. Ill. 2014). *See also Stone v. The Board of Trustees of Northern Illinois University*, 38 F. Supp. 3d 935, 949 (N.D. Ill. 2014). In federal court, there are two recognized exceptions to the general rule that are available in egregious circumstances: 1) where corporate employees are shown to have been motivated by personal bias; and 2) where the conspiracy was part of some broader discriminatory pattern that permeated the ranks of the organization's employees. *Cole*, 38 F. Supp. 3d at 935.

Here, under Illinois law, Officer Hildebrandt could not have conspired with the other employees of the District under the "intra-corporate conspiracy doctrine." Moreover, neither of the two exceptions recognized in federal court are in play here. Defendants were not motivated by bias but were merely ensuring that the District's possessory rights were enforced (*i.e.*, running the business of the District), and that court orders were followed. Finally, there is no allegation, let alone a plausible suggestion, of some egregiousness such as that the arrest was part of a

9

broader discriminatory pattern that permeated the ranks of the District's employees, rather than enforcement of the eviction order. This Court has already dismissed Count II as to the other District defendants and should do so as to Officer Hildebrandt. *See* First Opinion, at 13-14.

## V.  CONCLUSION.

Plaintiff here has continued her strategy, frequently in concert with Richard, Royalty Properties, and Royalty Farms, of challenging valid court orders that dispossess her of, and bar her permission to enter, the property, not by appealing them, but instead by resorting to ancillary litigation. But this Complaint contains fatal pleading and legal defects that bar relief against Officer Hildebrandt. For the foregoing reasons, the Complaint against Officer Hildebrandt should be dismissed with prejudice.


RESPECTFULLY SUBMITTED,

ANITA ALVAREZ
State's Attorney of Cook County, Illinois

By: */s/ Jayman A. Avery III*
Jayman A. Avery III (6192261)
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-7780