IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MERYL SQUIRES-CANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 6876 |
| | ) | |
| THE FOREST PRESERVE DISTRICT OF | ) | Judge Virginia M. Kendall |
| COOK COUNTY, ILLINOIS, et al. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Meryl Squires-Cannon brings claims in the Complaint arising from her arrest for trespass on Horizon Farms. Squires-Cannon's four-count Complaint asserts claims for violations of her constitutional right to freedom of movement under 42 U.S.C. § 1983 (Count I), civil conspiracy (Count II), false arrest (Count III), and malicious prosecution (Count IV). In this Order, the Court addresses three motions: (1) Defendant Forest Preserve District of Cook County's motion to reconsider and 12(b)(6) motion; (2) Squires-Cannon's motion to reconsider; and (3) Defendant Officer Eric Hildebrandt's 12(b)(6) motion. For the reasons given below, the Court denies the District's motion to reconsider and grants its motion to dismiss Count I with prejudice. The Court also denies Squires-Cannon's motion to reconsider and grants Hildebrandt's motion to dismiss all claims against him with prejudice. (Dkt. Nos. 55, 60, 79.)

## BACKGROUND

The Court assumes familiarity with the facts as set forth in its order addressing the motions to dismiss filed by the District, Dennis White, Christopher Carmichael, and Holland & Knight LLP ("First Order"). *See Squires-Cannon v. Forest Pres. Dist. of Cook County*, No. 15 C

1

6876, 2016 WL 561917 at *1 (N.D.Ill. Feb. 12, 2016).  In short, on May 5, 2014, the Circuit Court of Cook County issued an order in reference to Horizon Farms requiring the Sheriff of Cook County to "evict and dispossess, no sooner than 30 days from the entry of this Order…Meryl Squires-Cannon…from the mortgaged estate…without further Order of Court." (Dkt. No. 185.)  On August 13, 2014, Hildebrandt participated in the arrest of Squires-Cannon for trespass on Horizon Farms.  *Id.*

In terms of the procedural history, in the First Order on February 12, 2016 the Court dismissed all counts against Defendants Holland & Knight, LLP and Christopher Carmichael and dismissed Counts II, III, and IV against the District, but denied the District's motion to dismiss Count I.  *See Squires-Cannon*, 2016 WL 561917.  In response to similar arguments made in a motion to dismiss filed by Defendants Dwyer and Cooper, the Court granted their motion to dismiss all claims against them ("Second Order").  *Squires-Cannon v. Forest Pres. Dist. of Cook County, Ill.*, No. 15 C 6876, 2016 WL 1558512 (N.D. Ill. Apr. 18, 2016).

## LEGAL STANDARD

For a complaint to survive a 12(b)(6) motion, it must allege "sufficient factual matter to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  When applying this standard, the Court "first accept[s] all well-pleaded facts in the complaint as true and then ask[s] whether those facts state a plausible claim for relief."  *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015).  Furthermore, well-pled facts are viewed in the light most favorable to the plaintiff.  *See United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016).  But "legal conclusions and conclusory allegations merely reciting the

2

elements of a claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

Under Rule 60(b), the Court may provide relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) provides "an extraordinary remedy and is granted only in exceptional circumstances." *Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 690 (7th Cir. 2014) (quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997)). For that reason, district courts have broad discretion in denying motions for relief from judgment. *Mendez v. Republic Bank,* 725 F.3d 651, 657–58 (7th Cir. 2013); *see also Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.,* 570 F.3d 845, 848 (7th Cir. 2009) ("The district court has great latitude in making a Rule 60(b) decision because that decision is discretion piled on discretion.") (quotation omitted). Rule 60(b) "is designed to allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

## DISCUSSION

### I.    The District's Motions

#### A.    Motion to Reconsider

The District asks the Court to reconsider its denial of the motion to dismiss Count I because in that motion the District applied its argument for the existence of probable cause to arrest Squires-Cannon to Count I. In the section of its motion to dismiss addressing Count I, the District asserted:

> If it is assumed that the conduct Plaintiff alleges in counts II, III, and IV provide plausible claims under federal law because of the liberty interests alleged, Plaintiff still fails to state a cause of action for any of the claims. No civil conspiracy can be plausibly alleged because of, *inter alia*, the "intra-corporate

> conspiracy doctrine." *See infra.* at pp. 4-6.    The existence of probable cause
> defeats Plaintiff's false arrest and malicious prosecution claims. *See infra.* at pp.
> 6-10. Thus, count I should be dismissed.

(Dkt. No. 19 at 5.)  In the First Order, the Court held that the District did not move to dismiss

Count I based on probable cause. *See Squires-Cannon*, 2016 WL 561917 at n.1. The Court, in

the great latitude of discretion allowed in Rule 60(b), will not reconsider its holding under Rule

60(b) because the Court did not commit a mistake in declining to interpret the obtuse language in

the District's motion to dismiss so as to apply all the subsequent argument about probable cause

to Count I.  The Court will not make arguments for the parties nor will it perform linguistic

gymnastics to find arguments in a motion.  The District's only claim for reconsideration is the

Court's alleged misreading of the quoted paragraph which does not merit reconsideration.  The

Court therefore denies the District's motion to reconsider.  (Dkt. No. 55.)

###    B.    Motion to Dismiss Count I

In the alternative, the District moves to dismiss Count I because probable cause defeats a

Fourth Amendment claim.  "Probable cause is an absolute bar to a claim of false arrest asserted

under the Fourth Amendment and section 1983." *Maniscalco v. Simon*, 712 F.3d 1139, 1143

(7th Cir. 2013) (quoting *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 622 (7th Cir.

2010)).  The Court adopts in full Section II of the First Order wherein the Court found there was

probable cause to arrest Squires-Cannon based on the state court order mandating the eviction of

Squires-Cannon from Horizon Farms.  *See Squires-Cannon*, 2016 WL 561917 at *3-4.

Accordingly, the Court grants the District's motion to dismiss Count I against it with prejudice.

(Dkt. No. 55.)

## II.     Squires-Cannon's Motion to Reconsider

Squires-Cannon seeks reconsideration of the Court's First Order granting the motions to dismiss filed by Holland & Knight, Carmichael, White, and the District.  She argues that the determination of probable cause is factual and should not be resolved at the motion to dismiss stage.  In addition, Squires-Cannon contends that the state court orders mandating her eviction did not provide probable cause for her arrest. Squires-Cannon fails to point to "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence" or any other reason that justifies the extraordinary remedy of reconsideration under Rule 60(b).  Fed. R. Civ. P. 60(b). Instead, she reiterates her arguments presented in response to the first motions to dismiss which are not grounds for Rule 60(b) reconsideration because a motion for reconsideration is not an appropriate vehicle for relitigating previously rejected arguments.  *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008) ("A Rule 60(b) motion is not a substitute for appeal"). Accordingly, the Court denies her motion to reconsider the First Order.  (Dkt. No. 60.)

## III.    Hildebrandt's Motion to Dismiss

Lastly, Hildebrandt asserts that all counts should be dismissed against him under Rule 12(b)(6).  Counts I, II, III, and IV fail, according to Hildebrandt, because the Court properly concluded in the First Order that probable cause defeats these claims.  He also claims that he is protected against all claims under quasi-judicial immunity and qualified immunity, and that he cannot be liable for civil conspiracy because conspiracy cannot occur between members of the same entity.

Starting with Hildebrandt's contention that the existence of probable cause to arrest Squires-Cannon for trespass bars Counts I, II, III, and IV, the Court incorporates in full its discussion of these arguments in Section II of the First Order which explains that the state court

order mandating the eviction of Squires-Cannon provided probable cause for her arrest for trespass. *See Squires-Cannon*, 2016 WL 561917 at *3-4. As discussed in Section II of the First Order and previously in this Order, Squires-Cannon's claims for a violation of her Fourth Amendment rights, civil conspiracy, false arrest, and malicious prosecution fail in the face of probable cause for Hildebrandt to arrest Squires-Cannon for trespass pursuant to the state court order. *See id.* at *3-5; *supra* Section I(B). The Court thus grants Hildebrandt's motion to dismiss Counts I, II, III, and IV against him with prejudice.

Turning to Hildebrandt's quasi-judicial immunity argument, like Dwyer and Cooper the Complaint alleges that Hildebrandt participated in the arrest of Squires-Cannon as a police officer for the District. (Dkt. No. 1 at ¶5.) The Court adopts Section II of the Second Order in finding that as an officer who arrested Squires-Cannon according to the state court order for eviction, Hildebrandt is entitled to quasi-judicial immunity. *See Squires-Cannon*, 2016 WL 1558512 at *2-3. And like the claims against Dwyer and Cooper, Squires-Cannon does not allege that the way Hildebrandt arrested her violated her Fourth Amendment rights or that Hildebrandt exercised discretion in arresting her, which would preclude the availability of quasi-judicial immunity. *Richman v. Sheahan*, 270 F.3d 430, 436 (7th Cir. 2001). As a result, the Court grants Hildebrandt's motion to dismiss all claims against him with prejudice because he is protected by quasi-judicial immunity.

Hildebrandt is also entitled to qualified immunity. When a defendant claims that qualified immunity applies, the Court first determines if the plaintiff asserted a violation of a constitutional right and "next consider[s] whether the right was clearly established at the time the alleged violation occurred." *Delaney v. DeTella*, 256 F.3d 679, 682 (7th Cir. 2001); *See also Squires-Cannon*, 2016 WL 1558512 at *4. The Court has "discretion in deciding which of the

6

two prongs to address first." *Estate of Escobedo v. Bender*, 600 F.3d 770, 779 (7th Cir. 2010). Hildebrandt is protected by qualified immunity because Squires-Cannon did not plausibly plead that his conduct violated a constitutional right and no reasonable person would have known that they were violating a constitutional right. *See id.* First, the Court agrees with Hildebrandt that Squires-Cannon has failed to plead that a constitutional deprivation occurred because probable cause defeats her Fourth Amendment claim. *See supra* Section I(B). Second, as the Court explained in the Second Order, "Squires-Cannon fails to prove that a reasonable person in Dwyer or Cooper's position would have been on notice that arresting her for trespass violated a constitutional right." *Squires-Cannon*, 2016 WL 1558512 at *4. In her response to Hildebrandt's motion to dismiss, Squires-Cannon incorporates her response to the previous motions to dismiss and does not satisfy her burden of providing a factually analogous case demonstrating that an officer violates a constitutional right by arresting an individual for trespass in enforcement of a court order requiring eviction. *See id.*; *Escobedo*, 600 F.3d at 779-80. Consequently, the Court dismisses all claims against Hildebrandt with prejudice because he is entitled to qualified immunity.

Finally, the doctrine of intracorporate conspiracy bars Count II against Hildebrandt. The Court adopts Section III(B) of the First Order in finding that a civil conspiracy cannot exist between a corporation's employees and none of the exceptions to this rule apply. *See Squires-Cannon*, 2016 WL 1558512 at *6. Moreover, in response to Squires-Cannon's claim that the intracorporate conspiracy doctrine does not prohibit Count II because Holland & Knight and Carmichael were allegedly involved in the conspiracy as outside counsel to the District, the Court reiterates that Holland & Knight and Carmichael's communications do not qualify as part of an alleged conspiracy because legal advice cannot constitute a conspiracy. *See id.*; *Travis v.*

*Gary Cmty. Mental Health Ctr. Inc.*, 921 F.2d 108, 111 (7th Cir. 1990).  Thus, the Court grants Hildebrandt's motion to dismiss Count II with prejudice.

### <u>CONCLUSION</u>

For the reasons given above, the Court denies the District's motion to reconsider and grants its motion to dismiss Count I with prejudice.  The Court also denies Squires-Cannon's motion to reconsider and grants Hildebrandt's motion to dismiss all claims against him with prejudice.  (Dkt. Nos. 55, 60, 79.)

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date:  7/8/2016